SWANSON FURNITURE COMPANY OF MARSHFIELD, INC., a corporation, Lawrence W. Swanson, and Iowa National Mutual Insurance Company, Plaintiffs-Appellants,

v.

ADVANCE TRANSFORMER COMPANY, a corporation, General Electric Company, a corporation, and Scott & Fetzer Company, a corporation, Defendants-Respondents.

Supreme Court

*No. 81–470. Submitted on briefs December 3, 1981.*
*—Decided January 5, 1982.*

(Also reported in 313 N.W.2d 840.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Thomas N. Hayden* and *Zappen, Meissner, Oestreicher, Craig & Hayden* of Marshfield; and *Mark J. Feinberg, David E. Bland* and *Robins, Zelle, Larson & Kaplan* of Minneapolis, Minnesota.

For Advance Transformer Company the cause was submitted on the brief of *John Theiler Bode* and *Hippenmeyer, Reilly, Arenz, Molter, Bode & Gross, S.C.,* of Waukesha.

For General Electric Company the cause was submitted on the brief of *James E. Garvey* and *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire; and *Wright W. Brooks, Martin N. Burke, Winthrop A. Rockwell* and *Faegre & Benson* of Minneapolis, Minnesota.

For Scott & Fetzer Company the cause was submitted on the brief of *Hiram D. Anderson, Jr., Thomas W. Bertz* and *Anderson, Fisher, Shannon, O'Brien & Rice,* attorneys, and *Joseph R. Pfiffner,* of counsel, all of Stevens Point.

STEINMETZ, J.   This court granted the petition to bypass the court of appeals filed by the plaintiffs.

There are two issues raised in this appeal.  They are:

(1) Whether sec. 893.155, Stats. 1977,[1] applies to manufacturers of a product and its component parts incorporated into an improvement to real property.  The trial court answered "yes."  We disagree and, therefore, reverse.

---

[1] Sec. 893.155, Stats. 1977 (renumbered sec. 893.89, effective July 1, 1980) provides:

"893.155  **Within 6 years; Improvements to real property.**  No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction.  If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months."

(2) Whether sec. 893.155, Stats. 1977, can constitutionally be applied to bar appellants' remedy for an injury sustained. The trial court answered "yes." We do not reach the issue in this case; however, the court ruled in *United States Fire Ins. Co. v. E.D. Wesley Co.*, 105 Wis. 2d 305, 313 N.W.2d 833, filed January 5, 1982, on the same issue.

This action was commenced by filing a summons and complaint on February 27, 1979, against Advance Transformer Company, General Electric Company and Scott & Fetzer Company. The complaint was amended pursuant to the trial court's order of July 2, 1979. The plaintiffs allege the defendants are liable under a product liability theory and liable both strictly and in negligence. The defendant, Scott & Fetzer Company, succeeded the John Virden Company which manufactured fluorescent light fixtures which were subsequently installed in the Swanson furniture store when it was built in 1964–1965. The Advance Transformer Company and General Electric Company manufactured ballasts which were incorporated into the manufactured fixtures.

Construction of the building was completed in 1964–1965, and the fixtures which are the subject of this action were installed by Thomas Electric Company.

The record is totally devoid of any evidence indicating that any of the defendants dealt directly with the plaintiff, Swanson; rather, the record indicates that no defendant had a direct relationship with the construction of the one-story building.

The suit is for damages resulting from a fire in the Swanson furniture store in Marshfield, Wisconsin, on June 17, 1976. The building and contents were insured by Iowa National Mutual Insurance Company. The amended complaint alleged that the fire was the result of a defective light fixture installed in the basement of the furniture store. Iowa National Mutual sues on a

subrogation basis for its payment pursuant to a policy of insurance, and Lawrence W. Swanson and the Swanson Furniture Company of Marshfield, Inc., sue for damages sustained not compensable under the policy.

The defendants brought motions for summary judgment which were granted by the trial court and judgment dismissing the plaintiffs' complaint and amended complaint was granted on January 21, 1981. The trial court held that sec. 893.155, Stats. 1977, applied to defendants' and plaintiffs' causes of action and that the statute was constitutional. The significant finding of the statute's application to these defendants was: "The Court therefore finds that the defendants herein *were suppliers of material to improvement of real property* . . . ." (Emphasis added.)

The record establishes that none of the defendants dealt directly with the plaintiff, Swanson, or even with the electrical contractor who actually installed the florescent light fixtures within the furniture store. There is no evidence that indicates the fixtures at issue here or the ballasts within them were manufactured, designed, or supplied specifically for the construction of the Swanson furniture store or even that any of the defendants knew where the fixtures would ultimately be installed.

The case points out directly the selectivity exercised by the legislature in the classification of persons protected by the limitation umbrella of sec. 893.155, Stats. 1977.

This court found the predecessor sec. 893.155, Stats. 1971,[2] unconstitutional in *Kallas Millwork Corp. v.*

---

[2] Sec. 893.155, Stats. 1971, provided:

"893.155 **Within 6 years.** No action to recover damages for any injury to property, or for an injury to the person, or bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of

*Square D Co.,* 66 Wis. 2d 382, 383–84, 225 N.W.2d 454 (1975), and in so ruling stated:

"We also conclude that sec. 893.155, Stats., is unconstitutional, because it grants immunities to the class of defendants protected therein on a classification basis that is unreasonable and denies other possible defendants equal protection of the laws, under the constitution of the United States. . . ."

At 391 of *Kallas, supra,* the court stated:

"We . . . conclude that the legislative classification that gives special protection to the protected group is unreasonable. While there are public policy reasons that might justify a limitations period that takes into *consideration those who are engaged in the construction business,* there appears no reason why only a very restricted class of those thus occupied is protected by the statute." (Emphasis added.)

Sec. 893.155, Stats. 1971, was then amended in 1976 and the following changes were made:

(1) "[L]and surveying" and "materials" were added to the list of services which might be performed as an improvement to property.

(2) "[S]ubstantial completion" was added and "performance or furnishing of such services" was deleted.

(3) The sentence which previously made the statute inapplicable to owners or persons in control was omitted. However, it did not list them in the protected group.

---

such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 6 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

(4) A provision was added allowing an extension of six months if the injury occurred more than five but less than six years after completion.[3]

These defendants do not argue that the statute is unconstitutional; they would not benefit from that holding. Instead, they argue that they are included within the protected classification.

The plaintiffs argue the section is unconstitutional, as an alternative to their primary position, which is that these defendants are not included in the protected class of the statute. Since we agree with the plaintiffs' primary position, we do not consider the constitutional argument.

If the statute is clear and unambiguous on its face, this court will not look to outside aids in applying it. The clear meaning of the statute in this case is supported by the legislature's findings and intent as expressed in the enabling act for sec. 893.155, Stats. 1977.

In ch. 335, Laws of 1975, sec. 1(a), the legislature said:

"Subsequent to the completion of construction, persons involved in the planning, design and construction of improvements to real estate lack control over the determination of the need for, the undertaking of and the responsibility for maintenance, and lack control over other forces, uses and intervening causes which causes [sic] stress, strain, wear and tear to the improvements and in most cases have no right or opportunity to be made aware of or to evaluate the effect of these forces on a particular improvement or to take action to overcome the effect of these forces."

This statement of intent of the legislature is consistent with the plain and clear meaning of the statute that it be applicable to:

---

[3] *See,* Jursik, *Defective Design—Wisconsin's Limitation of Action Statute for Architects, Contractors and Others Involved in Design and Improvement to Real Property,* 63 Marq. L. Rev. 87 (1979).

(1) Injury to person or property.

(2) Damages arising out of the defective and unsafe condition of *an* improvement to real property.

(3) Any person performing or *furnishing* the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property.

None of the defendants fall within the protected class. There is no proof the light fixture in question was designed for this construction or even in contemplation of the construction.

The evidence in this case is that the fixtures were manufactured without any particular project considered. They were sold for use to be determined by someone else later in the commercial chain. They were not designed nor manufactured as an improvement for the Swanson real property, but were to be used for an improvement to any real property. It is the material used for a particular improvement to real property and the persons who in the terms of the statute decided the material would be used or did use it in that improvement who are protected by the statute.

The legislature also set forth the public policy supporting enactment of sec. 893.155, Stats. 1977, in ch. 335, Laws of 1975, sec. 1(b) as follows:

"It is in the public interest to set a point in time following the substantial *completion of the project* after which no action may be brought for errors and omissions in the planning, design and construction of improvements to real estate, whether these errors and omissions have resulted or may result in injury or not. This legislation is determined to be in the public interest and in the interest of equating the rights to due process between prospective litigants in the area of planning, design and construction of improvements to real property in an equitable manner." (Emphasis added.)

There is no claim in this case that either or all of these defendants had in mind the Swanson furniture

store construction project when designing or manufacturing this light fixture.

This statute clearly does not apply to every manufacturer of any product which ultimately may be used as an improvement to some real property. It is the statutorily identifiable services or materials deliberately directed towards or chosen for a particular project for real property improvement which are governed by sec. 893.155, Stats. (1977). It is the persons "furnishing . . . materials" or enumerated services for the particular improvement to real property who receive this limited statutory protection. All other effects of products or services not directed to a particular improvement are governed by other limitation statutes. This special protective legislation cannot be expanded to stock items of materials, but only to those persons who have a direct relationship to the improvement of the real property in issue.

This is confirmed when considering the legislature's statement of intent in Laws of 1975, ch. 335, sec. 1(2) (a) and (b) which provides:

"(2) INTENT. In this act, the legislature intends that:

"(a) This act shall bar any action for defects, unsafe conditions, errors and omissions in the planning, design or construction of improvements to real estate after the times limited in this act.

"(b) This act shall not deprive any person of any rights or remedies such person may have against persons other than those enumerated in this act for damages to property or injury to persons resulting from defective or unsafe conditions of improvements to real estate."

Thus, the legislature provided the umbrella of protection only for persons clearly enumerated in the statute, and these defendants do not qualify, since they were not involved in the design, planning or construction of the improvement itself (*i.e.*, the furniture store).

Even though the light fixture was an ultimate improvement to real property, the defendants who assembled and manufactured it are not entitled to application of sec. 893.155, Stats. (1977). We, therefore, do not consider the other issues raised, since these plaintiffs are not affected in their suit by sec. 893.155 and have no standing to challenge its constitutionality either as to equal protection (Fourteenth Amendment of the United States Constitution) or as to the statute's claimed violation of Art. I, sec. 9 of the Wisconsin Constitution.

The motions for summary judgment were not properly granted, and we remand the case to the trial court for further proceedings consistent with this opinion.

*By the Court.*—The judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this opinion.