WILLIAM KRAUS, Secretary Department of Development
Your predecessor asked whether the Wisconsin Housing Finance Authority (herein the Authority), by due action of its members, has the power to increase the current salary of its Executive Director above the maximum of the executive group range established under sec. 20.923(1), Stats., for positions assigned to Wisconsin state executive salary group 3 notwithstanding the compensation limitation of sec. 234.02(3), Stats. Section234.02(3), Stats., as amended by ch. 349, sec. 10, Laws of 1981, provides that "the compensation of any employe of the authority shall not exceed the maximum of the executive salary group range established under s. 20.923(1) for positions assigned to executive salary group 6."
Chapter 349, sec. 33(2), Laws of 1981, provides that "[t]he treatment of sec. 234.02(3), Stats, by this Act takes effect on February 1, 1983."
It is my opinion that the Authority has the power beginning February 1, 1983, to increase the compensation of its Executive Director beyond the level of executive salary group 3. However, because the changes in sec. 234.02(3), Stats., do not become effective until February 1, 1983, the maximum salary range remains at executive salary range 3 until that date.
My answer to your predecessor's question is found in the clear language of ch. 349, sec. 33(2), Laws of 1981. Although arguments have been advanced by the Authority's bond counsel to justify an increase in compensation beyond the current ceiling imposed by pertinent provisions of ch. 349, Laws of 1981, these arguments are without merit. *Page 187 
If a statute is clear and unambiguous on its face, courts will not look to outside aids in applying it. Swanson Furniture v.Advance Transformer, 105 Wis.2d 321, 326, 313 N.W.2d 840 (1982). The meaning of a legislative act must be determined from what it says. A.O. Smith Corp. v. Department of Revenue, 43 Wis.2d 420,427, 168 N.W.2d 887 (1969).
Chapter 349, sec. 33(2), Laws of 1981, is clear and means exactly what it says the treatment of sec. 234.02(3), Stats., by ch. 349, Laws of 1981, takes effect on February 1, 1983. This language is simply not capable of being understood by reasonably well-informed persons in two or more different ways. Because I conclude this legislation is not ambiguous, resort to statutory construction is not necessary to ascertain the legislative intent. See Swanson.
It has been contended by the Authority's bond counsel that the statutory limitation on compensation is violative of the Wisconsin and federal constitutions. This contention is without merit.
As a general proposition, there exists a strong presumption in favor of a statute's constitutionality. See, e.g., State ex rel.Bldg. Owners v. Adamany, 64 Wis.2d 280, 285-86, 219 N.W.2d 274
(1974); State ex rel. Hammermill Paper Co. v. La Plante,58 Wis.2d 32, 47, 205 N.W.2d 784 (1973). Further, in the instant situation the statutory limitation on compensation is not unconstitutional in any respect. It is not violative of Wis. Const. art. I, § 13, as a taking of property without just compensation, nor is it violative of the fourteenth amendment to the United States Constitution as a taking of property without due process of law. A limitation on the salary of the executive director is not taking any existing property of the Authority. Similarly, such a limitation is not a taking of the executive director's property because he has no property right to a higher salary.
I find a similar absence of legal support in the Authority's bond counsel's theory that the statutory limitation on compensation constitutes an impairment of a contractual obligation in violation of Wis. Const. art. I, § 12, or U.S. Const. art I, § 10. There is no factual or legal basis to believe the compensation ceiling contained in sec. 234.02(3), Stats., impairs any contractual right bondholders may have that the Authority's supervisory personnel be reasonably compensated. In light of the fact that the present executive director has *Page 188 
held that position through many bond issues, I fail to perceive how the current compensation ceiling could be construed as unreasonable or inadequate to attract and secure competent supervisory personnel, even assuming arguendo bondholders have such a contractual right.
While the Authority is to a degree independent of the state, it is not totally independent. This was recognized by the supreme court in State ex rel. Warren v. Nusbaum, 59 Wis.2d 391, 446,208 N.W.2d 780 (1973):
 The Authority, denominated a public body corporate and politic, is granted only those powers "necessary or convenient" to implement the purposes of ch. 234, Stats. It was not the intention of the legislature to create a corporation in the ordinary sense. Ch. 234 grants to the Authority those corporate powers essential to its performance in improving and otherwise promoting the health, welfare and prosperity of the people of this state.
The Authority is a creature of the Legislature. The power and conduct of the Authority must be exercised in accordance with standards and limitations fixed by the Legislature. This is an elementary principle of delegation of legislative authority. Here, the Legislature has delegated to the Authority the power to determine the "qualifications, duties and compensation" of its executive director and other employes. Sec. 234.02(3), Stats. In delegating to the Authority the power to determine compensation, however, the Legislature prescribed an upper salary limit for these employes. The Authority is legally bound by this parameter.
In summary, I find without merit the arguments advanced by the Authority's bond counsel. The Authority's ability to award an increase in compensation is limited by the ceiling imposed by ch. 349, sec. 10, Laws of 1981; the timing of any increase is controlled by ch. 349, sec. 33(2), Laws of 1981. Accordingly, any attempt by the Authority to raise the salary of its' executive director beyond statutory limits is contrary to state law.
BCL:DJS *Page 189