COUNTY OF SAUK, a municipal corporation, Plaintiff-Appellant and Cross-Respondent,

v.

Warren TRAGER, Defendant-Respondent and Cross-Appellant.†

Court of Appeals

*No. 81–2127. Submitted on briefs March 3, 1983.— Decided April 18, 1983.*
(Also reported in 334 N.W.2d 272.)

† Petition to review granted.

For the plaintiff-appellant and cross-respondent the cause was submitted on the briefs of *Eugene R. Dumas*, Sauk County corporation counsel, of Baraboo.

For the defendant-respondent and cross-appellant the cause was submitted on the briefs of *John M. Langer*, of Baraboo.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge. Sauk County commenced an action against respondent charging him with violation of three sections of the Sauk County zoning ordinance. The amended complaint demanded a forfeiture of $5,000, that respondent be ordered to remove his building and that he be enjoined from further violation. Respondent's answer denied the alleged violations and asserted affirmative defenses which would exempt him from the ordinance. The issues were tried to the court on stipulated facts. The trial court dismissed the action. Sauk County appealed the trial court's judgment. We affirm the judgment of the trial court in all respects.

The stipulated facts were: Respondent owned land in the Town of Baraboo, one corner of which was at the intersection of Pit Road, which goes east and west, and U.S. Highway 12, which runs approximately north and south. In 1960 respondent and his father erected foundations and a floor of concrete for a garage and storage building, forty by twenty-four feet, the north end of the foundation being thirty-three feet south of the centerline of Pit Road.

In 1961, because of the death of his parents, respondent moved onto the family farm adjacent to this property. The demands of the farm and financial constraints prevented him from commencing further work on the building until 1974, when respondent ran electricity to the foundation. No further work was done until 1978, when respondent commenced building a wooden super-structure on the foundation. At no time did respondent have a town building permit.

For the work done prior to 1970 respondent spent $18.00 in excavating costs, $242.44 for concrete, and $142.00 for lumber. In addition, respondent and his father spent eighty hours of labor, which respondent valued at $2.00 per hour, or $160.00.

In 1970, after the construction of the foundation and before any further work had been done on the building, the Town of Baraboo became subject to the Sauk County zoning ordinance.

In December 1978, the Sauk County Office of Planning and Zoning notified respondent that his setback was insufficient to comply with the ordinance and that he should either obtain a variance or move the building. The County Board of Adjustment held a hearing on respondent's request for an interpretation of or variance from the ordinance. The board denied respondent's application on the following grounds: (1) The exemption in sec. 7.13(3)(d)1 of the zoning ordinance which provides that no building permit is required for "any building on which work to the amount of $500 or more has been done prior to the approval of this ordinance" was not applicable because "work in the amount of $500 or more was not done prior to the enactment of the ordinance," and (2) there was no reason the proposed building could not be erected elsewhere in conformance and this could be done "with little hardship."

On April 10, 1979, in a "Supplemental Decision," the board reiterated its prior position that respondent did

not fall within the exemption of sec. 7.13(3)(d)1, stating:

The Board understands this provision as an attempt to spare people who are completing buildings started before the Ordinance—the unfair situation of being bound by rules which were not in effect when the particular buildings were started. But it is clear that a building which has been started but then abandoned for a lengthy period is not entitled to the same protections as one which has been conscientiously and continuously completed. It would seem that the provision of s. 7.12(1)(f)3 would be applicable. That provision reads:

". . . If the nonconforming use of a building or premises is discontinued for a period of 12 months, any future use of the building or premises shall conform to the regulations for the district in which it is located."

It was further stipulated "[t]hat all of the procedural steps taken by [respondent] were taken upon the recommendation of the Sauk County Office of Planning and Zoning."

The complaint charged respondent with violation of three sections of the Sauk County zoning ordinance: sec. 7.13(3)(a), failure to procure a building permit; sec. 7.17(3), the sixty-three-foot setback requirement; and sec. 7.17(8), which provides: "No building . . . or structure or part thereof existing within such set-back lines on the effective date of this ordinance shall be altered or enlarged in any way that increases or prolongs the permanency thereof." It was stipulated that "the wooden part of the garage will have a shorter life than the concrete foundation and walls of the garage and therefore the enlargement or alteration of the superstructure will not prolong the permanency of the building."

The trial court found respondent had not increased the permanency of the building and was therefore exempt from sec. 7.17(8). It found that respondent had ex-

pended over $500 on the building prior to 1970, thereby exempting him from the permit requirement of sec. 7.13 (3) (a). The court made no explicit finding on the charge that defendant had violated sec. 7.17 (3) (b), the setback requirement, but indicated that the county's argument regarding nonconforming use was inapplicable. Implicitly, its finding on the other two charged violations negates the possibility of violation of the setback requirement.

The issues on appeal are: (1) whether respondent is barred by the exhaustion of remedies doctrine from presenting his defenses; and (2) whether the trial court's conclusion that there were no violations is correct. Appellant takes the position that respondent did not exhaust his administrative remedies and is therefore foreclosed from presenting as a defense that he did not violate the zoning ordinances. Respondent sought review from the board of adjustment. He failed, however, to seek court review of the board's determination, pursuant to sec. 59.99 (10), Stats. (1979–80).[1] The trial court found as a matter of law that the cases relied on by respondent were inapplicable, and refused to limit respondent's defenses because he had relied on the advice of the county as to what action he should take.

We agree with the trial court. Respondent may not be foreclosed from asserting defenses to an enforcement

---

[1] Section 59.99 (10), Stats. (1979–80), provided:

Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

This section was amended by sec. 5, ch. 289, Laws of 1981, effective April 30, 1982.

action, commenced by the county, on the ground that he failed to seek judicial review of a decision by the board of adjustment which refused him a variance and found the zoning ordinance applicable to him. Appellant's reliance on *Jefferson County v. Timmel,* 261 Wis. 39, 51 N.W.2d 518 (1952), is misplaced.

*Timmel* is distinguishable. In that case the farm land owned by Timmel was zoned a "conservancy district" and that classification prohibited the use of buildings for wholesale or retail business purposes. The defendant's predecessor-in-title, Perry, had used the property for retail purposes.

After county zoning was enacted, Perry applied for a building permit to construct a building to be used as a retail store. The permit was denied, and Perry failed to appeal this denial to the board of adjustment. Three months later, Perry re-applied, stating that the proposed building was to be used as a private residence. The new application was granted, but the building, when completed, was used as a retail store. Timmel then bought the land and continued this retail use.

The county subsequently commenced an action to enjoin Timmel from using the premises in violation of the ordinance. On appeal to the supreme court, Timmel advanced as a defense to the action that he was continuing a prior nonconforming use. The court held both that his was not a continuation of a prior nonconforming use and that Timmel was barred from asserting this as a defense.

The court used as a guide the rule that administrative review is an exclusive remedy which "must be exhausted before a party can resort to the courts for other relief except in cases where the validity of the ordinance itself is attacked." 261 Wis. at 64, 51 N.W.2d at 530. It found Timmel's assertion of a prior nonconforming use not to constitute such an attack, and, "by analogy," concluded that Timmel should be "deemed thereby to have waived

the right" to later use this assertion as a defense to an enforcement action. *Id.*

In this case, respondent did appeal the county's determination that he was in violation of the setback requirement to the board of appeals. The only step that respondent failed to take, that of commencing an action pursuant to sec. 59.99(10), Stats. (1979–80), seeking the remedy available by *certiorari*, would have removed the matter from the board to the circuit court. If respondent had taken this step, the administrative body would neither have had the opportunity to review its decision on the applicability of the setback requirement, nor would it have had the opportunity to determine, because the matter was never before it, the applicability of the second and third charged ordinance violations. Thus the policies of judicial restraint and economy and of administrative expertise which underlie the *Timmel* decision and the exhaustion doctrine are both inapplicable here.

Second, in *Timmel* the exhaustion doctrine was invoked, apparently, on the theory that Timmel's predecessor-in-title could have raised his "prior non-conforming use" as grounds for an appeal from the denial of the original commercial building permit application. Instead, he re-applied and obtained a permit by misrepresenting the nature of the intended use as residential. Under these circumstances, the court found that Timmel had waived the right to later assert his prior nonconforming use as a defense to the enforcement action. Here, however, respondent asserted the ordinance's inapplicability to the board of appeals which proceeded to decide that issue. Respondent has not waived the right to use inapplicability as a defense, either by failing to assert it on appeal to the board or by having resorted, as did Timmel, to subterfuge as a means of obtaining his desired end.

*Timmel* also held that the validity of an ordinance is a question appropriate only to judicial review. This exception to the exhaustion doctrine was recognized and expanded in *Nodell Inv. Corp. v. Glendale,* 78 Wis. 2d 416, 422, 254 N.W.2d 310, 314 (1977). *Nodell* recognized six exceptions to the doctrine, one of which is where "a question of law is involved in which the administrative agency's expertise is not an important factor." 78 Wis. 2d at 425 n. 12, 254 N.W.2d at 316. Here the question is the applicability of the ordinance. This is a question of law. *State v. Clausen,* 105 Wis. 2d 231, 242, 313 N.W.2d 819, 825 (1982) ; *Kluenker v. State,* 109 Wis. 2d 602, 605, 327 N.W.2d 145, 147 (Ct. App. 1982). No special agency expertise is necessary to resolve this question.

We thus turn to the question of whether respondent violated the Sauk County zoning ordinances. The trial court interpreted the ordinances and found that no violations had occurred. We agree with the trial court that the ordinances were facially inapplicable to respondent. Where an ordinance is clear on its face, our review is restricted to the ordinance itself. *Swanson Furniture v. Advance Transformer,* 105 Wis. 2d 321, 326, 313 N.W.2d 840, 843 (1982). Rules for construction of statutes and ordinances are the same. *Ashland Water Co. v. Ashland County,* 87 Wis. 209, 211, 58 N.W. 235, 235 (1894).

Section 7.13 (3) (a) of the ordinance requires a building permit, but sec. 7.13 (d) provides that "no building permit shall be required in any of the following cases: 1. For any building on which work to the amount of $500 or more has been done prior to the approval of this ordinance . . . ."

The trial court found that " 'work done' includes not only materials purchased for the project, but also labor

provided by the defendant and his father." This interpretation best expresses the intent behind the exemption, which was stated by the county board of adjustment in its "Supplemental Decision" to be an attempt to spare people who are completing buildings started before the ordinance.

The county attempts to limit this exemption because of the provision in sec. 7.12(1)(f)3, that "[i]f the nonconforming use of a building or premises is discontinued for a period of 12 months, any future use of the building or premises shall conform to the regulations for the district in which it is located." We agree with the trial court that what is involved here is not a use. Section 7.20 of the ordinance defines "Non-Conforming Use" to mean "a building or premises occupied by a use that does not conform with the regulations of the district in which it is situated." That definition is inapplicable here.

Similarly, sec. 7.17(8) of the ordinance is inapplicable on its face because it was stipulated that what respondent was doing—building a wooden superstructure—would not increase the permanency of the building. The ordinance is clear and unambiguous, and we need not interpret it in order to ascertain that respondent is not in violation.

We also hold that respondent was not in violation of sec. 7.17(3)(b), the third charged ordinance violation. The sixty-three-foot setback requirement is inapplicable because the building was commenced before the ordinance went into effect. Zoning ordinances can not be applied retroactively where vested or substantial rights are involved. *Building Height Cases,* 181 Wis. 519, 532, 195 N.W. 544, 549 (1923); McQuillin, *Municipal Corporations* sec. 20.70 at 174 (3rd ed. rev. 1980).

Because we affirm the trial court's holding that there were no ordinance violations it is unnecessary for us to decide respondent's cross-appeal.

*By the Court.*—Judgment affirmed.