John BETTENDORF and Candace Bettendorf, Plaintiffs-
Appellants,

v.

ST. CROIX COUNTY BOARD OF ADJUSTMENT, Defendant-
Respondent.

Court of Appeals

*No. 98–2327. Submitted on briefs January 19, 1999.—Decided
February 9, 1999.*

(Also reported in 591 N.W.2d 916.)

735

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Matthew A. Biegert* and *Doar, Drill & Skow, S.C.*, of New Richmond.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Gregory A. Timmerman*, corporation counsel, of Hudson.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J. John and Candace Bettendorf appeal a judgment affirming the St. Croix County Board of Adjustment's decision. The board added a condition as an alternative to revocation; failure to comply with the condition would result in immediate revocation of the conditional use permit.[1] They contend that the board had no authority to add a condition or revoke the conditional use permit because there was no violation of the permit on the land subject to the permit. We agree and reverse the judgment upholding the board's revocation of the permit.

The Bettendorfs own land in the Town of Kinnickinnic. A portion of the land is used to operate a trucking business. In December 1990, the board approved, without conditions, the Bettendorfs' application for a truck repair shop and transfer point. The board accepted a certified survey map delineating the 600-by–300-foot area subject to commercial zoning and discussed the town's request to define the amount of acceptable activity on the land, but declined to do so. The Bettendorfs'

---

[1] The parties have referred to the permit as both a special exception permit and conditional use permit. We will refer to it as a "conditional use permit" or simply as "the permit."

adjoining property was not subject to the conditional use permit and remained zoned agriculture/residential.

In 1996, the County zoning office notified the Bettendorfs that semi-trailers and employees were parking on land zoned agriculture/residential and that this violated the zoning ordinance. In 1997, the zoning office ordered the Bettendorfs to confine the truck repair and transfer point operations to the parcel subject to the conditional use permit and to remove all of the business's trucks, trailers and other equipment from the property not subject to the conditional use permit. The Bettendorfs did not comply with the order to the zoning office's satisfaction, and the board then sought to revoke the conditional use permit pursuant to § 17.71(6)(a) of the County's zoning code. After a hearing, the board found the Bettendorfs had a history of noncompliance with the zoning ordinance and conditional use permit. It added a condition to the permit by requiring the Bettendorfs to construct a fence around the commercially zoned premises by December 1, 1997. Failure to comply would result in the immediate revocation of the conditional use permit.

The Bettendorfs did not construct the fence, but instead filed a certiorari review action in St. Croix Circuit Court on November 20, 1997. The circuit court affirmed the board's decision, but it gave the Bettendorfs until August 31, 1998, to construct the fence. Failure to construct the fence would result in revocation of the conditional use permit without further hearing. This appeal ensued.

[1]

Our function on certiorari is to review the record of the board, as opposed to the trial court. *State ex rel. Harris v. Annuity & Pension Bd.*, 87 Wis. 2d 646, 651,

275 N.W.2d 668, 670 (1979). The scope of review is limited to the administrative record and includes, among other things, whether the board proceeded under a correct theory of law. *Id.*

The dispute before us is whether the board can add a condition as an alternative to revoking a conditional use permit with no conditions because the Bettendorfs allegedly improperly used their adjoining property. As such, it involves interpretation of the zoning ordinance. We address this issue without deference to the trial court and examine the record de novo. *State v. Winnebago County*, 196 Wis. 2d 836, 842, 540 N.W.2d 6, 8 (Ct. App. 1995). The construction and application of an ordinance to a particular set of facts is a question of law we review de novo. *Eastman v. City of Madison*, 117 Wis. 2d 106, 112, 342 N.W.2d 764, 767 (Ct. App. 1983). The rules for the construction of statutes and ordinances are the same. *County of Sauk v. Trager*, 113 Wis. 2d 48, 55, 334 N.W.2d 272, 275 (Ct. App. 1983).

We first look to the County's zoning ordinance. ST. CROIX COUNTY ZONING CODE § 17.71(6)(a) provides:[2]

> (a) Where a special exception use or a variance has been approved *subject to specified conditions* and where such conditions are not complied with, the Board of Adjustment may conduct a hearing following procedures similar to those followed in considering the granting of such a special exception or variance. Finding of noncompliance with the conditions originally imposed shall be grounds for revocation. (Emphasis added.)

---

[2] Neither party provided us with a copy of this ordinance. The board included this recitation in its brief. The Bettendorfs did not object to this recitation of the ordinance, and we therefore accept it as correct.

739

Section 17.71(6)(a) permits revocation if the Bettendorfs fail to comply with the specified conditions to which the permit is subject. Although the section does not discuss adding conditions, we will assume, without deciding, that such power is included as an alternative to revocation.

The board contends that when it accepted the certified survey map identifying the area of the commercial parcel at the time it approved the permit, it adopted a specified condition: that the permitted use could not spill over from that boundary. We disagree. The certified survey map identifies the property subject to the permit, nothing more. Because the permit was issued with no express conditions, there are no "specified conditions" with which the Bettendorfs need comply. Their use of the property subject to the permit is not the issue; rather, it is the use spilling over onto an adjoining piece of property where that use is not permitted.

■ The board argues that there are implied conditions set forth in every conditional use permit; one is that the permitted use be kept within the boundary of the property subject to the permit. The board contends that *State ex rel. Brooks v. Hartland Sportman's Club*, 192 Wis. 2d 606, 531 N.W.2d 445 (Ct. App. 1995), supports its position. We disagree. *Hartland* involved imposition of additional conditions upon a conditional use permit issued to a gun club/firing range *after* the board had determined that the club had violated the terms of its earlier conditional use permit. *Id.* at 617–18, 531 N.W.2d at 450. Although the violations referenced in *Hartland* included expansion in the facilities and area of the club, items the board claims are similar here, those were items specifically set forth in the permit's

conditions: "[t]he permit also set the number of traps according to the plot plan submitted by the club and limited the membership to two hundred." *Id.* at 612, 531 N.W.2d at 447. A conditional use permit allows a property owner to put property to a use which the ordinance expressly permits when certain conditions have been met. *State ex rel. Skelly Oil Co. v. Common Council*, 58 Wis. 2d 695, 701, 207 N.W.2d 585, 587 (1973). Here, the permit was issued with no conditions. Conditions were apparently proposed regarding the intensity of use of the premises, but the board ultimately rejected the conditions when it issued the permit. We will not now read into the permit conditions the board discussed but chose not to incorporate.[3] Even assuming we could imply conditions into the permit, the board has not indicated how an implied condition becomes a "specified condition" for purposes of § 17.71(6)(a).

The County has other appropriate remedies in this situation. It can, and recently did, commence an enforcement action in connection with the adjoining

[3] The board argues that implied conditions must be read into every conditional use permit, otherwise a board of adjustment will be required to list "every existing environmental regulation, every zoning regulation, every health and safety regulation that a business is subject to" in order to appropriately condition its grants of permits. We do not decide that issue, but point out that if a board of adjustment deems a condition important, it should incorporate that condition in the permit it grants, particularly where the zoning enforcement ordinance permits revocation only for violations of *specified* conditions. In addition, if the conditional use permit changes the zoning for that piece of property from agriculture/residential to commercial, then the zoning regulations in place for commercial would seem to follow.

parcel. That property is zoned agriculture/residential; commercial activities are not permitted.

The Bettendorfs request costs. They are entitled to costs under § 59.694(14), STATS., if it shall appear to the court that the board acted with gross negligence or in bad faith, or with malice in making its decisions. They contend that the board acted in bad faith, with malice or was grossly negligent. We disagree. The record reflects that the board was not engaged in a "campaign to shut down a permissible permitted business." Such an agenda would be inconsistent with giving warnings or attempting to add a condition to the permit by requiring installation of a fence as opposed to proceeding with immediate revocation. The board and the trial court proceeded under a misinterpretation of the zoning ordinance. We are unwilling to hold that the interpretation was unreasonable and therefore deny costs.

■

Because the board acted outside its authority by adding a condition and subsequently revoking the Bettendorfs' permit based upon an erroneous interpretation of the zoning ordinance, we reverse the judgment and remand with directions to dismiss the enforcement action that is the subject of this appeal.

*By the Court.*—Judgment reversed and cause remanded with directions.