Monika GASPER, a minor, by her Guardian ad Litem, Mont L. Martin, and Laura Smith, parent and legal guardian, Plaintiffs-Appellants,

HEALTH CARE RECOVERIES, INC., Plaintiff,

v.

Andrew and Nancy PARBS, husband and wife, and American Family Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 00–2476. Submitted on briefs May 4, 2001.—Decided October 25, 2001.*

2001 WI App 259

(Also reported in 637 N.W.2d 399.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mont L. Martin* of *Wiernick, Martin & Neumaier, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Patrick S. Nolan* and *Aynsley B. Bourne* of *Borgelt, Powell, Peterson & Frauen, S.C.*, Milwaukee.

Before Dykman, Deininger and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Monika Gasper, a minor, by her guardian ad litem, Mont Martin, and her parent and legal guardian, Laura Smith, appeals from the judgment and underlying order denying her motion, after verdict, seeking double damages for injuries Monika sustained when a dog, owned by Andrew and Nancy Parbs, bit her face. Monika relied on WIS. STAT. § 174.02(1)(b) (1991–92),[1] a statute imposing double damages on dog owners who have notice that their dog has previously "injured or caused injury to a person, livestock or property." The trial court determined that awarding Monika double damages under the statute would be an absurd result and denied her motion. For the following reasons, we affirm.

## *Background*

¶ 2. In May of 1993, Nancy Parbs was babysitting Monika and several other children. Nancy was in front of her house with the children when Monika's mother, Laura Smith, arrived to pick up Monika. While Monika and her mother were present, Nancy Parbs released her two-year-old dog from her car and the dog bit Monika's face.

¶ 3. Monika sued the Parbs and their insurer, American Family Mutual Insurance Company, for injuries she sustained when the Parbs' dog bit her. The matter was tried to a jury, which returned a verdict in favor of Monika in the amount of $25,000. During the trial, Nancy Parbs testified that when her dog was less than six months old, he chewed on and damaged some

---

[1] All references to the Wisconsin Statutes are to the 1991–92 version unless otherwise noted.

Tupperware containers and also chewed on and damaged approximately five legs of two kitchen chairs.

¶ 4. After the trial, Monika filed a motion requesting double damages pursuant to WIS. STAT. § 174.02(1)(b).[2] At a hearing on the motion, the trial court concluded that the application of the literal words of the statute to this case would produce an absurd result. More specifically, the court determined that a dog owner does not have notice that his or her dog is likely to injure a person because the dog chewed on furniture or Tupperware when it was a puppy. Accordingly, the court denied Monika's motion for double damages, judgment was entered, and she appealed.

## *Discussion*

¶ 5. The sole issue we must decide is whether the trial court erred when it denied Monika's motion to award double damages.

¶ 6. Monika argues that the plain language of WIS. STAT. § 174.02(1)(b) requires an award of double damages in this case. Section 174.02(1)(b) authorizes double damages "if the owner was notified or knew that the dog previously injured or caused injury to a person, livestock or property."[3] Monika asserts there is no dispute that Nancy Parbs knew her dog "previously . . . caused

---

[2] The parties do not contest this procedure.

[3] Although WIS. STAT. § 174.02(1) has subsequently undergone revision, the pertinent language quoted above remains the same. At the time of Monika's injury, § 174.02(1) provided as follows:

LIABILITY FOR INJURY. (a) *Without notice.* Subject to s. 895.045 [pertaining to contributory negligence], the owner of a dog

injury to . . . property" by chewing on and damaging Tupperware and chair legs.

¶ 7. The Parbs respond that WIS. STAT. § 174.02(1)(b) should be construed to provide for double damages only when the prior conduct and the conduct at issue are similar. For instance, if a dog previously injures property, reasonable notice exists to award double damages when the dog subsequently injures property. The Parbs also argue that a literal application of the statute to the facts of this case leads to an absurd result and is contrary to sound public policy.

¶ 8. This case requires us to construe WIS. STAT. § 174.02(1)(b) and apply it to undisputed facts. We do this *de novo. Barry v. Maple Bluff Country Club, Inc.*, 2001 WI App 108, ¶ 6, 244 Wis. 2d 86, 629 N.W.2d 24. The guiding principle in statutory construction is to discern legislative intent. *State v. Irish*, 210 Wis. 2d 107, 110, 565 N.W.2d 161 (Ct. App. 1997). The first step in construing a statute is to look to the language of the statute itself and attempt to interpret it based on "the plain meaning of its terms." *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). If the language of the statute is clear and unambiguous, we normally apply it to the facts at hand without further analysis. *See Turner v. Gene Dencker Buick-Pontiac, Inc.*, 2001 WI App 28, ¶ 14, 240 Wis. 2d 385, 623 N.W.2d 151.

is liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property.

(b) *After notice.* Subject to s. 895.045, the owner of a dog is liable for 2 times the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property if the owner was notified or knew that the dog previously injured or caused injury to a person, livestock or property.

However, the plain language of a statute should not be construed in a manner that leads to absurd or unreasonable results. *State v. Yellow Freight Sys., Inc.*, 101 Wis. 2d 142, 153, 303 N.W.2d 834 (1981). We presume that "the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute." *Verdoljak v. Mosinee Paper Corp.*, 200 Wis. 2d 624, 635, 547 N.W.2d 602 (1996).

¶ 9. WISCONSIN STAT. § 174.02(1)(b) provides double damages when the owner of an injury-causing dog was "notified or knew that the dog previously injured or caused injury to a person, livestock or property." This language is plain and unambiguous. If construed literally, it imposes double damages on the owner of an injury-causing dog whenever the owner has notice that his or her dog has previously caused any injury to a person, livestock or property. We conclude, however, that this literal interpretation would lead to an absurd result if applied to impose double damages in this case.

¶ 10. We agree with the trial court that virtually all puppies chew on various items they encounter, including shoes, toys, bones, newspapers, plastic containers, and furniture. If the statute were routinely applied in the manner suggested by Monika, damages would be doubled in nearly every case in which a dog injures or causes injury. We do not believe the legislature intended this result.

¶ 11. In *Sprague v. Sprague*, 132 Wis. 2d 68, 72, 389 N.W.2d 823 (Ct. App. 1986), the court observed that the purpose of the double damages provision in WIS. STAT. § 174.02(1)(b) is to "punish those who harbor or keep a dog with a known propensity for unprovoked assaults and to deter others from doing the same." This purpose is not attained by holding nearly every injury-

112

causing dog owner responsible for a double-damages award because the dog was once a puppy that damaged property while teething. The spirit and intention of a statute should govern over its literal meaning. *Id.*

¶ 12. Accordingly, we hold that a dog owner does not have notice within the meaning of WIS. STAT. § 174.02(1)(b) simply because the owner knows that the dog, as a puppy, chewed on household items. We do not hold that the acts of a puppy will never give a dog owner notice within the meaning of § 174.02(1)(b), only that the sort of normal teething behavior involved in this case does not give such notice.

¶ 13. In so holding, we reject the Parbs' invitation to construe WIS. STAT. § 174.02(1)(b) to provide for double damages only when the prior injury is to the same statutory category of person, livestock, or property as the subsequent injury. Nothing in the plain language of the statute suggests such an interpretation. Moreover, this construction is contrary to the supreme court's decision in *Campenni v. Walrath*, 180 Wis. 2d 548, 509 N.W.2d 725 (1994). In that case, the Walraths' dog bit the Campennis' dog, which the supreme court determined was "property" under the statute. *Id.* at 560. In a subsequent incident, Mrs. Campenni was personally injured attempting to defend her dog from the Walraths' dog. Despite the fact that the first injury was to "property" and the second was to "a person," the supreme court awarded the Campennis double damages for the second incident. *Id.* at 560a.

¶ 14. We affirm the trial court's judgment and underlying order denying Monika's motion for double damages.

*By the Court.*—Judgment affirmed.