PER CURIAM.
¶ 1 Mary Ellen Mohn, both individually and as the personal representative for the Estate of Thomas L. Mohn, her husband (collectively, "Mohn"), appeals an order granting summary judgment in favor of Sprinkmann Sons Corporation. The trial court granted summary judgment on the grounds that Mohn's claims against Sprinkmann were barred pursuant to the construction statute of repose set forth at WIS. STAT. § 893.89 (2015-16).[1]
¶ 2 Mohn argues that the protections of the statute of repose do not extend to Sprinkmann. Additionally, Mohn raises constitutional challenges to the statute of repose, asserting that it violates the right to remedy clause of the Wisconsin Constitution as well as equal protection rights. We affirm.
BACKGROUND
¶ 3 This lawsuit stems from Mohn's claim that Mr. Mohn was exposed to asbestos while working at construction sites between 1960 and 1980. He was diagnosed with malignant lung cancer in February 2009 and died in April 2009.[2] Mohn then filed this action in February 2012 against numerous manufacturers and suppliers of asbestos products that were involved in construction projects where Mr. Mohn worked.
¶ 4 With regard to the claims against Sprinkmann, discovery in the case revealed the following link between Sprinkmann and Mr. Mohn's work history:
• Mr. Mohn was employed by Power Service Corporation during the 1960s;
• Power Service Corporation, along with Allis Chalmers, was involved in the construction of a nuclear power plant in Genoa, Wisconsin;
• Allis Chalmers ordered insulated turbine blankets from Sprinkmann that contained asbestos for use in the construction of a turbine-generator unit at the Genoa power plant project; and
• Mr. Mohn worked as a heavy equipment operator during the construction of the Genoa power plant in the mid-1960s.
Construction of the power plant was substantially completed by the late 1960s.
¶ 5 Sprinkmann filed a motion for summary judgment, heard in November 2015, asserting that Mohn's claims against it were barred by the construction statute of repose. The statute provides that after ten years[3] following the substantial completion of improvements to real property, no cause of action may accrue against "any person involved" in those improvements for injuries arising out of any defect related to the construction of those improvements. WIS. STAT. § 893.89(2). However, this bar does not include actions against "manufacturer[s] or producer[s]" of defective materials. Id.
¶ 6 In its motion, Sprinkmann asserted that it is covered by the protections afforded by the statute because its involvement in the construction of the power plant was limited to furnishing defective materials-the asbestos-containing turbine blankets-not manufacturing the materials. Furthermore, Sprinkmann asserted that Mohn's claim was made outside of the ten year exposure period established by the statute, in that the power plant had been completed by the late 1960s. The trial court initially denied Sprinkmann's motion; Sprinkmann filed a motion for reconsideration.[4]
¶ 7 Prior to the trial court issuing its ruling on the motion for reconsideration, the parties entered into a stipulation of certain facts related to the motion. Included in that stipulation were the following facts:
• The original construction of the nuclear power plant in Genoa, as well as the construction of the turbine-generator unit, were improvements to real property;
• This construction occurred during the mid-to-late-1960s;
• Sprinkmann furnished materials, including the insulated turbine blankets that allegedly contained asbestos, during the original construction of the power plant;
• There is no evidence that Sprinkmann performed any work on the improvements during the original construction of the power plant, nor any subsequent repair work on that project; and
• There is no evidence that Sprinkmann supplied any insulation products to the power plant after 1969.
¶ 8 Upon reconsideration, the trial court identified that it had made an error of law in denying Sprinkmann's summary judgment motion. Ultimately, relying on Kohn v. Darlington Community Schools , 2005 WI 99, 283 Wis. 2d 1, 698 N.W.2d 794, as well as the stipulation of the parties, the trial court found that the statute did apply to protect Sprinkmann from liability: the turbines constructed at the power plant were improvements to real property; Sprinkmann had been involved only in furnishing the defective materials-turbine blankets containing asbestos-with regard to the improvements; and that Mohn's claim had been filed after the ten year period following the completion of the improvements. Therefore, the trial court found that Sprinkmann met the requirements of WIS. STAT. § 893.89(2). As a result, the court granted summary judgment in Sprinkmann's favor.
¶ 9 Additionally, Mohn argued during the summary judgment proceedings against the constitutionality of WIS. STAT. § 893.89, asserting that it violates the right to remedy clause of the Wisconsin Constitution. However, the trial court, relying on precedent that upheld the constitutionality of the statute, rejected Mohn's constitutional challenge. This appeal follows.
DISCUSSION
1. The trial court did not err in granting summary judgment in favor of Sprinkmann on the grounds that the statute of repose bars Mohn's claims against Sprinkmann.
¶ 10 Mohn argues that the circumstances surrounding Sprinkmann's involvement in the construction of the power plant do not meet all of the requirements for protection under the statute of repose, and thus the trial court erred in granting Sprinkmann's motion for summary judgment.
¶ 11 A trial court may grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). Once a moving party "has made a prima facie case for summary judgment," the trial court must then review the parties' submissions to determine whether there are "disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial." Clark v. Erdmann , 161 Wis. 2d 428, 441-42, 468 N.W.2d 18 (1991). We review the trial court's decision to grant summary judgment independently, applying that same methodology. Kohn , 283 Wis. 2d 1, ¶ 11.
¶ 12 The statute of repose, set forth at WIS. STAT. § 893.89, imposes a time limit, referred to as the "exposure period," for bringing claims related to the improvement of real property. Sec. 893.89(1). The exposure period runs for ten years after "the date of substantial completion" of the improvements. Id. Accordingly, claims for injuries to person or property cannot be made against anyone involved in the construction of the improvements for any defect or deficiency related to the construction after the end of the exposure period. Sec. 893.89(2). The statute specifically includes in this protection those involved in the "furnishing of materials for" the construction of improvements.
¶ 13 However, there are also specific exceptions to the protections of the statute. For example, the owner of the property where the improvements were made can be held liable if the claim is based on the owner's negligence in maintaining the property. Kohn , 283 Wis. 2d 1, ¶ 66. Additionally, manufacturers or producers of defective materials used in the construction of the improvements are not afforded protection under the statute. WIS. STAT. § 893.89(2). In other words, the statute "protects all persons involved in the improvement to real property but does not protect individuals whose liability arises based on conduct occurring prior to or subsequent to the improvement." Kohn , 283 Wis. 2d 1, ¶ 68.
¶ 14 In this case, the parties stipulated to facts that trigger the protections of the statute of repose: Sprinkmann's role in the construction of the improvements at the power plant was to furnish materials used during construction which have been deemed to be defective (i.e., containing asbestos). Additionally, the parties agreed that construction of the power plant was substantially completed in the late 1960s, and thus Mohn's lawsuit was filed well after the end of the ten-year exposure period set forth in the statute. Indeed, Sprinkmann's role in the power plant construction fits squarely into the protections afforded by the statute of repose.
¶ 15 On appeal, Mohn does not dispute these stipulated facts, nor does Mohn argue that there are other reasonable inferences that may be drawn from them. See Clark , 161 Wis. 2d at 441-42. Instead, Mohn argues that the protections of the statute of repose do not apply to Sprinkmann because its act of furnishing the insulation was not in and of itself defective; rather, the insulation it supplied was defective. Thus, under this interpretation of the statute, Mohn contends that Sprinkmann does not meet the requirements for protection under the statute.[5]
¶ 16 We reject Mohn's interpretation. "The aim of statutory construction is to determine the legislature's intent." Fond Du Lac Cty. v. Town of Rosendale , 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989). Furthermore, the "plain language of a statute should not be construed in a manner that leads to absurd or unreasonable results." Gasper v. Parbs , 2001 WI App 259, ¶ 8, 249 Wis. 2d 106, 637 N.W.2d 399. Indeed, in our reading of a statute "[w]e presume that 'the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute.' " Id. (citation omitted).
¶ 17 As our supreme court explained in Kohn , the purpose of the statute of repose is to protect those who are involved in the improvements to real property from long-term liability. Id. , 283 Wis. 2d 1, ¶ 62. In fact, the Kohn court pointed out that the legislature conveyed its intent behind this statute in the distinctions it set between those who are protected against long-term liability and those who are not protected: anyone involved in the actual construction of improvements is protected from long-term liability, while those whose liability arises from conduct before construction (such as manufacturers of defective materials used for the improvements), or after construction (such as an owner who is negligent in the maintenance of the improvements) are not protected. Id. , ¶ 68. The court opined that the reasoning behind this distinction is that persons involved in construction have limited involvement in the improvements and thus should have limited liability; in contrast, the owner of property improvements has a continuing duty to maintain those improvements, and a manufacturer of materials used in construction continues to have the duty and ability to change a defective design. Id. , ¶¶ 75-77. Thus, this distinction advances the purpose of the statute. See id. , ¶ 80.
¶ 18 We are bound by this interpretation. Moreover, the statute plainly states that those who simply furnish materials to a construction project are protected from long-term liability, which comports with the legislature's intention. In contrast, under Mohn's interpretation, the distinction between a manufacturer of defective materials and a furnisher of those materials is lost. Thus, that is not a reasonable interpretation of the statute. See Gasper , 249 Wis. 2d 106, ¶ 8.
¶ 19 Based on the stipulation entered into by Mohn and Sprinkmann, Sprinkmann's sole role in the power plant construction project was to furnish materials to the contractors. Therefore, the statute of repose is applicable to protect Sprinkmann against claims made outside of the exposure period. Mohn's claim against Sprinkmann was filed outside of that time frame and, as a result, is barred. Accordingly, we affirm the trial court's determination that the statute of repose bars Mohn's claims against Sprinkmann.
2. The statute of repose is not unconstitutional.
¶ 20 As an alternative argument, Mohn asserts that the statute of repose is unconstitutional as applied to asbestos-related claims. Mohn first argues that the right to remedy clause of the Wisconsin Constitution is violated when the statute is applied to take away the rights of an individual with injuries due to asbestos exposure before those injuries have manifested. In contrast, Sprinkmann argues that the legislature had the opportunity to include an exclusion in the statute for latent diseases, but did not. "[W]hether a statute is unconstitutional is a question of law subject to de novo review." Kohn , 283 Wis. 2d 1, ¶ 12 (italics added).
¶ 21 Sprinkmann points out that the court in Kohn addressed the same constitutional arguments as those presented by Mohn, and upheld the constitutionality of the statute. In fact, the Kohn court specifically stated that the statute of repose does not violate the right to remedy clause because "a statute of repose does not merely extinguish a party's remedy, it extinguishes the right of recovery altogether" and thus "any right of recovery is extinguished at the end of the repose period and the right for which the litigant seeks a remedy no longer exists." Id. , ¶ 38. The Kohn court also recognized that the statute of repose is a "policy choice[ ]" made by the legislature "to which we must defer." Id. , ¶ 43.
¶ 22 Mohn's other constitutional challenge to the statute of repose is that it violates the equal protection clauses of both the United States Constitution and the Wisconsin Constitution. Mohn argues that the statute creates a class of plaintiffs-those claiming asbestos-related injuries that take many years for the harm to manifest-and excludes that class's claims.
¶ 23 In support of this argument, Mohn points to this court's holding in Peter v. Sprinkmann Sons Corp. , 2015 WI App 17, 360 Wis. 2d 411, 860 N.W.2d 308. In Peter , we analyzed an asbestos claim that sought application of an exception to the protections of the statute of repose for "[d]amages that were sustained before April 29, 1994." Id. , ¶ 1 (brackets in Peter ) (quoting WIS. STAT. § 893.89(4)(d) ). Because exposure to asbestos generally occurs long before the harm is discovered, the plaintiffs in Peter argued that such exposure constituted "damages" as referenced in that exception. Peter , 360 Wis. 2d 411, ¶ 1.
¶ 24 We determined in Peter that "the only reasonable interpretation" of the term "damages" in that exception is "a legally compensable injury." Id. , ¶ 13. Thus, exposure to asbestos does not fall under this exception if an asbestos-related disease has not manifested by April 29, 1994, because there is no legally compensable injury when that has not yet occurred. Id. , ¶ 18.
¶ 25 In fact, we acknowledged the effect of this holding on asbestos claims:
Although this interpretation may seem harsh to asbestos plaintiffs who will not even know they have a claim until long after the statute of repose has barred their action (assuming it arises from an improvement to real property), "[i]t is not our function as the judiciary to construct an asbestos-related exception to the statute of repose in construction cases." That role properly lies with the legislature.
Id. , ¶ 19 (citation omitted).
¶ 26 Mohn argues that this holding in Peter created an impermissibly excluded class of plaintiffs. However, Mohn provides no legal support for this argument. Because this argument is undeveloped and is lacking any legal authority, we do not address it. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Furthermore, the court in Kohn determined that the statute of repose does not violate the equal protection clause, as the distinctions it draws among those groups it affects serve a "legitimate governmental interest," as we discussed above. Id. , 283 Wis. 2d 1, ¶ 80.
¶ 27 Moreover, as acknowledged in Kohn and Peter , and as pointed out by Sprinkmann, it is the role of the legislature-not the judiciary-to carve out statutory exceptions for latent diseases such as asbestos-related illnesses, and the legislature has chosen not to do so.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

A diagnosis of malignant mesothelioma was subsequently made by Mohn's expert, Dr. Carlos Bedrossian, on April 3, 2012.

The exposure period set forth in Wis. Stat. § 893.89(1) was reduced to seven years by 2017 Wis Act 235, § 27, effective April 5, 2018. This change does not affect this appeal.

In its ruling against Sprinkmann, the trial court relied on Swanson Furniture Co. of Marshfield v. Advance Transformer Co. , 105 Wis. 2d 321, 313 N.W.2d 840 (1982). In Swanson , our supreme court interpreted and applied a previous version of the statute of repose to a light fixture manufacturer. Id. at 323. The previous version of the statute of repose did not contain a clear exception for manufacturers. Id. at 322.
Based on the discussion in Swanson , the trial court's analysis of Sprinkmann's summary judgment motion involved whether Sprinkmann was "sufficiently involved" in the construction of the improvements at the power plant. After hearing the arguments of the parties on the motion for reconsideration, however, the trial court determined that it had given "undue weight to the Swanson decision," and that it should have instead relied on Kohn v. Darlington Community Schools , 2005 WI 99, 283 Wis. 2d 1, 698 N.W.2d 794, in making its decision; Kohn had interpreted the current version of the statute of repose, specifically noting that furnishers of materials are included under the statute. Id. , ¶ 67.

Mohn also cites for persuasive value this court's decision in Sorenson v. Building Service Industrial Sales, Inc. , No. 2014AP964, unpublished slip op. (WI App Apr. 28, 2015), an unpublished decision where a similar argument was raised. In its brief, Mohn states that "the [c]ourt of [a]ppeals recognized" the Kohn court's holding that material providers are " 'excluded [from the scope of the protections of the statute of repose] only when liability is based upon a defect in the material provided.' " Sorenson , 362 Wis. 2d 539, ¶ 19 (citing Kohn , 283 Wis. 2d 1, ¶ 67 ). In the first place, Mohn fails to acknowledge that the Kohn court was discussing liability of product manufacturers in that particular portion of its decision. See Kohn , 283 Wis. 2d 1, ¶ 67. Furthermore, this court in Sorenson did not recognize that passage as supporting the plaintiff's arguments; in fact, this court did not reach those arguments at all as they had been raised for the first time on appeal. Sorenson , No. 2014AP964, ¶ 19. Rather, we were merely relaying the arguments presented by the plaintiffs. We caution counsel to ensure that he is accurately presenting the legal support for his arguments.