**Tommy CAMPER, Plaintiff–Appellee,**

**v.**

**Larry NORRIS, Director, Arkansas Department of Corrections; Defendant–Appellant,**

**Winston Bryant, Attorney General for the State of Arkansas, Defendant.**

**No. 94–1970.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Oct. 11, 1994.

---

Pamela Rumpz, Little Rock, AR (argued), for appellant.

Charles A. Banks, Little Rock, AR (argued) (Charles A. Banks and Mike Spades, Jr., on the brief), for appellee.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The district court granted Tommy Camper's petition for a writ of habeas corpus, concluding that the State of Arkansas had waived jurisdiction by failing to incarcerate Camper until more than four years after his conviction was affirmed. The state appeals, and we reverse.

## I. BACKGROUND

On August 31, 1988, Camper was convicted of robbery, found to be a habitual offender, and sentenced to ten years imprisonment. Camper appealed his conviction and was released on bond. While his appeal was pending, Camper was imprisoned for three

months on an unrelated parole violation; he was released again on bond in January 1989. The Arkansas Court of Appeals affirmed Camper's conviction, and the mandate was issued on November 8, 1989.

Although Camper had been released pending appeal, the computer records apparently indicated that he was still incarcerated. Therefore, when the circuit clerk's office received the mandate, a certified copy was mailed to the Arkansas Department of Corrections ("ADC"), rather than being sent to the sheriff's office with a warrant for Camper's arrest. A records supervisor testified that the ADC never received the mandate in Camper's case and that she would have contacted the clerk's office if she had received a mandate on a prisoner that was not currently in custody. Approximately one year after the mandate was issued, the sentencing judge discovered that Camper was not serving his sentence and commenced an investigation. Camper was arrested on January 10, 1994.

Camper petitioned the federal district court for a writ of habeas corpus, contending that the four-year delay in the execution of his sentence violated his due process rights. After conducting an evidentiary hearing, the district court credited Camper's testimony that he was unaware that his conviction had been affirmed until after his arrest. During the interim, Camper had made substantial changes in his life and had rehabilitated himself. The court determined that the state should have sent the mandate by certified mail and that the state was grossly negligent in allowing more than four years to elapse. The court concluded that the state had waived its jurisdiction over Camper and granted his release.

## II. DISCUSSION

■ The waiver theory—that the state's conduct may result in the waiver of its jurisdiction over a criminal defendant—is premised on the fourteenth amendment's protection against arbitrary and capricious state action. Under this theory, "it is not suffi-

cient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest." *Shelton v. Ciccone,* 578 F.2d 1241, 1244 (8th Cir.1978) (quoting *Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir.1973)). The habeas petitioner shoulders the heavy burden of establishing that the state's action was so affirmatively wrong or its inaction was so grossly negligent that requiring him to serve his sentence would be unequivocally inconsistent with " 'fundamental principals of liberty and justice.' " *Mathes v. Pierpont,* 725 F.2d 77, 78–79 (8th Cir.1984) (quoting *Shelton,* 578 F.2d at 1244 (citing *Piper,* 485 F.2d at 246)).

■ Camper's reliance on *Shelton* is misplaced. In *Shelton,* we remanded for an evidentiary hearing because the evidence suggested that the government's conduct rose to more than the mere failure to file a detainer. 578 F.2d at 1244–46. In this case, a hearing has already been held, and the only evidence of the state's negligence was its failure to deliver the mandate by certified mail. This failure does not amount to the type of affirmative wrong or gross negligence that is required to violate Camper's due process rights.

■ Camper also urges us that it is fundamentally unfair for the state to incarcerate him after the inordinate delay in this case. He argues that it is unconscionable to incarcerate him after he has rehabilitated himself and started a new life. Even assuming that such a due process right exists, we are unpersuaded by this argument because we conclude that the district court clearly erred in finding that Camper was ignorant about the status of his conviction. Fed.R.Civ.P. 52(a).

Camper testified that he understood that he was only released on bond pending appeal, and his wife admitted that they both lived in fear of the day that the authorities would come for him. Despite Camper's claim that he never received any notification, the attorney who represented him during the criminal proceedings testified that he would customarily telephone a client when he re-

ceived the results from an appeal and also send him a copy of the opinion. Moreover, the record contains a letter from a friend of Camper's wife to the sentencing judge pleading for clemency. The author of this letter indicated that he had received his information from Camper's wife and stated that "[j]ust this week [October 6, 1989] the sentence was upheld by the State Court of Appeals." It is impossible for us to accept Camper's argument that his wife may have known about the affirmance of his conviction, but that he did not.

■ We conclude that Camper knew that his conviction had been affirmed, and under the terms of his bail bond, he was obligated to turn himself over to the authorities. Thus, Camper must accept at least part of the blame for the delay in the execution of his sentence. This finding is significant because the state does not deny a prisoner due process when the prisoner himself is also responsible for the delay in his incarceration. *See Mobley v. Dugger*, 823 F.2d 1495, 1497 (11th Cir.1987).

## III. CONCLUSION

We reverse the district court's order granting habeas relief and releasing Camper from confinement.