The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kevin A. STARK, Defendant–Appellant.

No. 94CA1082.

Colorado Court of Appeals, Div. I.

April 20, 1995.

Rehearing Denied June 8, 1995.

Certiorari Denied Sept. 25, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

E. Ronald Beeks, Evergreen, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Kevin A. Stark, appeals the trial court's order denying his Crim.P. 35(c) motion without a hearing. We reverse and remand for further proceedings.

Defendant's motion alleged the following facts. On May 26, 1992, he was sentenced to four years in the Department of Corrections (DOC) for possession of a weapon by a previous offender and to the Arapahoe County Jail for a concurrent 1–year sentence for misdemeanor prohibited use of a weapon.

On May 29, 1992, defendant was transferred to Adams County for proceedings concerning a pending misdemeanor charge there. That same day he was convicted of that charge and received a 5–day sentence, 3 days credited for time served. Adams County authorities notified Arapahoe County authorities that defendant would be released from custody on May 31, 1992, if the Arapahoe County authorities did not take custody of him for transfer to the DOC. Defendant further alleged that, over his "strenuous objection" that he "still had prison time to do," Adams County authorities freed him when no one arrived from Arapahoe County to transport him.

Defendant returned to his home and became gainfully employed. On April 6, 1993, he was arrested for third degree assault. Upon entering a guilty plea, he was sentenced to 13 days in jail. After completing this sentence, defendant was transported to DOC to serve the sentence for the Arapahoe County conviction.

Defendant filed a *pro se* Crim.P. 35(c) motion seeking credit for the 309 days he had spent at liberty. He argued that, since he had been released from custody "through no fault of his own and over his strenuous objection," he was entitled to this credit.

The trial court denied the motion without a hearing, ruling: "Since defendant could have turned himself in to the Arapahoe County Sheriff or District Court to begin his sentence no credit may be allowed for the time that the defendant was not in custody."

Defendant contends that the trial court erred in denying his motion. He argues that he is entitled to an award of credit for 309 days. We conclude that a hearing is necessary to resolve this issue.

The leading case dealing with this issue is *White v. Pearlman,* 42 F.2d 788 (10th Cir. 1930). There, a prisoner was mistakenly released from the penitentiary over his protestations that he had several years left to serve on his sentence. He returned home and lived there without incident for two years. Upon being advised that he was wanted by authorities because his sentence was uncompleted, he voluntarily returned to the place of incarceration to serve the remainder of his sentence.

In upholding the trial court's grant of a writ of *habeas corpus* allowing the prisoner credit, the court held: "It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty." *White v. Pearlman, supra,* at 789.

In *Brown v. Brittain,* 773 P.2d 570 (Colo. 1989), because of an administrative mistake by prison officials, a prisoner was found to be entitled to immediate release and he neither caused nor attempted to correct that error.

Under those circumstances, including the prisoner's subsequent criminal behavior, the supreme court concluded he could be required to serve the remainder of his sentence.

In refusing to adopt a theory of blanket credit, the *Brittain* court set out several factors to be considered in determining whether a prisoner should be granted credit for time spent at liberty. Quoting from *United States v. Merritt*, 478 F.Supp. 804 (D.D.C.1979), it said: *

A convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution. Several additional factors must be present before relief will be granted—the result must not be attributable to the defendant himself; the action of the authorities must amount to more than simple neglect; and the situation brought about by defendant's release and his reincarceration must be 'unequivocally inconsistent with "fundamental principles of liberty and justice." '

Here, the allegations of fact in defendant's Crim.P. 35(c) motion indicate that he may be entitled to relief. *White v. Denver District Court*, 766 P.2d 632 (Colo.1988). Thus, Crim.P. 35(c)(3) requires a hearing and the entry of findings of fact and conclusions of law. *See People v. Simons*, 826 P.2d 382 (Colo.App.1991).

■ Defendant recognizes that the proper procedure here is for us to remand the cause to the trial court for a hearing. However, he argues that, since the People filed no response in the trial court to his motion, we should treat the facts alleged in his motion as true. We disagree.

Crim.P. 35(c)(3) provides:

Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause a copy of said motion to be served on the prosecuting attorney, grant a prompt hearing thereon, and take whatever evidence is necessary for the disposition of the motion. In all cases, the court shall determine the issues and make findings of fact and conclusions of law with respect thereto.

There is nothing in this rule which requires the People to file a response to a Crim.P. 35(c) motion. All that the rule requires is that notice be given to the People, a hearing be held, and an order rendered.

Thus, the absence of a response by the People has no bearing on the truth or falsity of defendant's allegations. The People, like the defendant, are entitled to a hearing which will elicit the necessary facts.

In sum, we conclude that the factual allegations in defendant's Crim.P. 35(c) motion require a hearing and consideration of the principles in *White v. Pearlman, supra.* And, even if the evidence at the hearing shows defendant did protest his release, because the factors set out in *Brown v. Brittain, supra,* provide a logical and useful framework for analysis in cases involving mistaken release, we conclude that the trial court should consider those factors as well. *Cf. Crater v. Furlong*, 884 P.2d 1127 (Colo. 1994).

The order is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and CASEBOLT, J., concur.