97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luther PATTERSON, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Respondent-Appellee.
 No. 95-6561.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Luther Patterson, proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, a Kentucky jury found Patterson guilty of third degree rape and the Whitley Circuit Court (Kentucky) sentenced him to one year in prison. Approximately three weeks later, he was released on an appeal bond. The following year, a jury found him guilty of second degree rape and two counts of incest. The Knox Circuit Court (Kentucky) then sentenced Patterson to twenty years of imprisonment, but released him on an appeal bond on the date of his conviction. His convictions and sentences were affirmed by the Kentucky courts, on appeal.
 
 
 3
 The Whitley Circuit Court revoked Patterson's first appeal bond and Patterson began serving his one-year sentence on March 20, 1990. On the date Patterson was released from his one-year sentence, December 3, 1990, the Knox Circuit Court had not yet revoked Patterson's second appeal bond. However, the Knox Circuit Court eventually revoked the bond, on December 6, 1991. A bench warrant was then issued for Patterson's arrest, and Patterson began serving his twenty-year sentence on December 9, 1991.
 
 
 4
 After exhausting his remedies in state court, Patterson filed this habeas petition claiming that his rights to due process and equal protection were violated when the Commonwealth of Kentucky reincarcerated him in 1991, after releasing him from prison in December 1990. The magistrate judge considered this claim and recommended dismissing Patterson's petition. The district court adopted this recommendation and ordered that the petition be dismissed. On appeal, Patterson raises the same ground presented to the district court.
 
 
 5
 The district court properly dismissed the petition, because Patterson has not shown that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Patterson has not shown that the state's action of delaying his reincarceration was so affirmatively wrong or so grossly negligent that requiring him to complete his twenty-year sentence would be unequivocally inconsistent with fundamental principals of liberty and justice. Camper v. Norris, 36 F.3d 782, 784 (8th Cir.1994). See also United States v. Martinez, 837 F.2d 861, 864 (9th Cir.1988) (government's act in connection with seven and one-half year delay in requesting that defendant be ordered to serve his sentence did not violate fundamental fairness and, therefore, did not impliedly waive execution of the sentence).
 
 
 6
 Only by ignoring his obligation under the appeal bond to surrender so that his sentence could be executed was Patterson able to remain at liberty. Therefore, Kentucky did not deny Patterson due process when he was partly responsible for the delay in the execution of his sentence. Camper, 36 F.3d at 785; Mobley v. Dugger, 823 F.2d 1495, 1497 (11th Cir.1987).
 
 
 7
 Accordingly, the district court's order dismissing the petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.