Courtney NUNEZ, a minor, by her Guardian ad Litem, Theodore Poulos, Pamela Nunez and David Nunez, Plaintiffs-Appellants,†

v.

AMERICAN FAMILY MUTUAL INSURANCE, Daniel R. Rathke, and State Farm Fire and Casualty Company, Defendants-Respondents,

WEA INSURANCE CORPORATION, Defendant.

Court of Appeals

*No. 02–1041. Submitted on briefs December 12, 2002.—Decided January 29, 2003.*

2003 WI App 35

(Also reported in 659 N.W.2d 171.)

† Petition to review denied 4-22-03.

377

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *James C. Gallanis* of *Aiken & Scoptur, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Frederick J. Smith* of

*Peterson, Johnson & Murray, S.C.* of Milwaukee, and *Kevin A. Christensen* of *Lieb & Katt, S.C.* of Milwaukee.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. Courtney Nunez, a minor, was injured when she jumped from the tailgate of a pickup truck in the destaging area of a parade sanctioned by the village of Jackson. Courtney, by her guardian ad litem, and her parents, Pamela and David Nunez, brought this negligence action against Daniel R. Rathke, the driver of the pickup truck. A jury determined that Rathke was not negligent.

¶ 2. The Nunezes argue that the trial court erred in entering judgment on the verdict after denying their motion to change the jury's answer that Rathke was not negligent. The Nunezes assert that Rathke was negligent as a matter of law for transporting children under the age of sixteen years on the tailgate of his pickup truck in violation of WIS. STAT. § 346.922 (1999–2000),[1] a safety statute. We agree with the Nunezes that § 346.922 is a safety statute. However, we disagree with the Nunezes that the statute operated to make Rathke

---

[1] WISCONSIN STAT. § 346.922 provides in relevant part:

**Transporting children in cargo areas of motor trucks. (1)** Notwithstanding s. 346.92, no person may operate upon a highway a motor truck having a gross weight of 10,000 pounds or less when any child under the age of 16 years is in an open cargo area of the motor truck.

**(2)** Subsection (1) does not apply to any of the following:

. . . .

(b) A person operating a motor truck in a parade sanctioned by a local municipality.

All statutory references are to the 1999–2000 version unless otherwise indicated.

negligent as a matter of law. Instead, we conclude that the destaging area of a parade falls under an exception to § 346.922, which excludes from liability those persons operating a vehicle in a parade sanctioned by a local municipality. We therefore affirm the judgment dismissing the Nunezes' complaint.

## FACTS

¶ 3. On June 8, 1997, Courtney participated in the "Action in Jackson" parade sanctioned by the village of Jackson. Courtney was involved with a float sponsored by Morning Star Lutheran Church. Daniel Rathke operated the pickup truck that pulled Morning Star's float.

¶ 4. The parade route began on Main Street and Industrial Drive in Jackson. It proceeded east to Ridgeway Drive, north to Georgetown Drive, and west to Jackson Drive. After proceeding north on Jackson Drive, the parade route ended at the entrance of Jackson Park.

¶ 5. During the course of the parade, Courtney walked alongside the float, handing out candy and church literature. At some point when the Rathke truck stopped on Georgetown Drive, Courtney and a friend climbed onto and stood on the open tailgate of the truck. The float proceeded through the remainder of the parade route to the Jackson Park entrance. From the entrance and further on Jackson Drive, there was a lot of activity relating to the end of the parade, with floats and charter buses parked in the area and people packing up. Rathke stopped briefly at the park entrance and spoke with parade officials about where to park the float. Rathke indicated that he was going to proceed north on Jackson Drive. Approximately 200 to 300 feet

381

later, Rathke stopped the truck again and started to exit the vehicle when another adult told him that they were ready to proceed. Shortly after the truck started moving again, Courtney jumped from the tailgate and the float rolled over her causing her serious injury.

¶ 6. On February 3, 2000, the Nunezes filed this action against Rathke and Morning Star Lutheran Church and their respective liability insurers (Rathke).[2] The Nunezes alleged that Rathke was negligent as a matter of law for transporting children under the age of sixteen years in the tailgate of a pickup truck contrary to WIS. STAT. § 346.922.

¶ 7. On November 19, 2001, the trial court filed an order approving the parties' request that only the issue of liability be tried on January 7, 2002, and requiring counsel to submit a joint proposal on jury instructions and verdict forms. On December 20, 2001, the parties filed a joint submission of the proposed special verdict and a joint submission of proposed jury instructions.

¶ 8. Prior to trial, the Nunezes filed a motion in limine requesting the trial court to find Rathke causally negligent as a matter of law pursuant to WIS. STAT. § 346.922. In discussing the application of § 346.922, the parties addressed the exception to that statute which permits the transport of children under the age of sixteen years in an open cargo area if the vehicle is being operated "in a parade sanctioned by a local municipality." The parties agreed that Courtney's injuries occurred in the destaging area of the parade. The trial court denied the Nunezes' request to find Rathke

---

[2] By stipulation of all parties, Morning Star was dismissed from the action prior to trial, but its insurer remained in the case as a defendant.

negligent as a matter of law. Instead, the court ruled that the jury would need to decide whether the destaging area of the parade fell within the exception to § 346.922.

¶ 9. At the end of the second day of trial, before the case was submitted to the jury, the trial court discussed the jury instructions with the parties. Consistent with its earlier ruling, the court determined that the safety statute, WIS. STAT. § 346.922, applied to the facts of the case and that the jury would need to determine whether Courtney's injury occurred during a "parade" such that it fell under the exception.

¶ 10. Over the objection of both parties, the trial court added the following emphasized language to the parties' proposed jury instruction on the safety statute:

Wisconsin Statute § 346.922 is a safety statute that reads:

No person may operate upon a highway, a motor vehicle, such as that of Mr. Rathke's, when any child under the age of 16 years is in an open cargo area of the motor vehicle. However, an exception to this law exists when a person is operating such a vehicle in a parade sanctioned by a local municipality.

*When determining whether Mr. Rathke was negligent in this case, you may consider whether the vehicle was being operated in a parade sanctioned by a local municipality.*

*If you find that this law was violated, you must find Mr. Rathke negligent. If you find that this statute was not violated, you must determine whether or not Mr. Rathke was otherwise negligent.*

¶ 11. On January 8, 2002, the jury returned a special verdict determining that Rathke was not negli-

gent, that Courtney was 100% contributorily negligent, and that such contributory negligence was the cause of her injury.

¶ 12. On January 25, 2002, the Nunezes filed motions after verdict requesting the trial court to change the jury's answer regarding Rathke's negligence. Consistent with their pretrial motion, the Nunezes argued that Rathke was "negligent per se because he violated [Wis. Stat. § 346.922] which is a safety statute." The trial court denied their motion and entered judgment in favor of Rathke and the liability insurers.

¶ 13. The Nunezes appeal.

## DISCUSSION

### The Application of Wis. Stat. § 346.922

¶ 14. At the outset we address Rathke's argument that Wis. Stat. § 346.922 is not a safety statute as applied to the facts of this case. Rathke reasons that § 346.922 does not apply here because Courtney jumped from the open cargo area of the truck. We reject Rathke's argument.

¶ 15. "A safety statute is a legislative enactment designed to protect a specified class of persons from a particular type of harm." *Totsky v. Riteway Bus Serv., Inc.*, 2000 WI 29, ¶ 24, 233 Wis. 2d 371, 607 N.W.2d 637 (citation omitted). "Negligence per se arises from the violation of a safety statute if three requirements are met: 1) the safety statute was designed to prevent the harm inflicted, 2) the person injured was in a protected class, and 3) the legislature has expressed its intent that the statutory section serve as a basis for the

384

imposition of civil liability." *Id.* at ¶ 25. Whether WIS. STAT. § 346.922 applies to the facts of this case presents a question of law that we review de novo. *See State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989) (the application of a statute to undisputed facts is a question of law that we review de novo).

¶ 16. Rathke does not dispute that Courtney was in the class protected by the statute or that the legislature intended to impose civil liability on those who violate it. Rather, Rathke argues that the harm in this case is not the particular type of harm that WIS. STAT. § 346.922 is intended to prevent, i.e., children falling or being accidentally thrown from vehicles or injured in abrupt stops. Rathke asserts that because Courtney jumped from the back of the pickup truck, she is not entitled to the protections of § 346.922.

¶ 17. Rathke relies on the supreme court's holding in *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 403 N.W.2d 747 (1987), in support of its contention that safety statutes are to be narrowly construed and the class of protected persons is to be limited to the intendment of the statute. While we agree that *Gonzalez* states this proposition, we nevertheless find Rathke's reliance on *Gonzalez* misplaced.

¶ 18. In *Gonzalez*, a seven-year-old boy, Miguel, detonated a firework that he found at a park owned by the City of Franklin and which was likely left at the park following a City sponsored fireworks display. *Id.* at 115–16. Miguel believed the firework to be a smoke bomb. *Id.* at 115. Miguel attempted to ignite the firework without his parents' knowledge. *Id.* However, when his father noticed what Miguel was doing, he shouted for the children to stay clear and reached for the firework to throw it out of the way. *Id.* at 115–16.

The firework exploded, injuring Miguel and his father. *Id.* at 116. They sued the City.

¶ 19. In response, the City sought to use the fireworks safety statute defensively, arguing that Miguel and his father were negligent under the fireworks safety statute which made it unlawful for any person to

> [s]ell, expose or offer for sale, use, keep, discharge or explode any firecrackers, blank cartridges, toy pistols or cannons, toy canes or cannons in which explosives are used, contrivances using explosive caps or cartridges, sparklers, display wheels, ... sky rockets, Roman candles aerial salutes, American or Chinese bombs or other fireworks of like construction ....

*Id.* at 136 n.10 (citing WIS. STAT. § 167.10 (1981–82)). The supreme court rejected the City's argument, stating:

> Smoke bombs are not specifically covered by the statute, and there is no support to establish, beyond a reasonable doubt, that the statute was meant to apply .... [I]t has not been established that the statute was meant to be applicable to the peculiar "hazard of detonation by a seven-year-old boy of a firework which he believes to be a smoke bomb and which he discovered only through the negligence of the party claiming the protection or benefit of the statute."

*Gonzales*, 137 Wis. 2d at 137 (citation omitted).

¶ 20. The situation in this case differs significantly. First, the Nunezes do not invoke the statute defensively. Second, unlike the fireworks safety statute in *Gonzalez*, WIS. STAT. § 346.922(1) does not list or limit the causes of the harms it aims to prevent. Rather, it provides generally that "no person may operate upon a highway a motor truck ... when any child under the

age of 16 years is in an open cargo area of the motor truck." Sec. 346.922(1). Here, Rathke was transporting Courtney, a child under the age of sixteen years, in the cargo area of his pickup truck. Courtney was injured when she jumped from the pickup truck while it was moving.

¶ 21. We conclude that WIS. STAT. § 346.922 is intended to prevent any and all harms that could result from a child being transported in the open cargo area of a vehicle including those resulting from a child's immature decision to jump from the cargo area of a moving vehicle. We therefore reject Rathke's contention that § 346.922 does not apply in this case.

*The Application of the Parade Exception*

¶ 22. We next address whether the exception to WIS. STAT. § 346.922 which prohibits transporting children under the age of sixteen years in the cargo area of a motor vehicle applies to the destaging area of a parade sanctioned by a municipality. The exception, set forth at § 346.922(2)(b), provides that the prohibition does not apply to a "person operating a motor truck in a parade sanctioned by a local municipality."

¶ 23. As noted above, the trial court addressed this question to the jury, albeit not via a question in the special verdict. Instead, the court instructed the jury about the provisions of WIS. STAT. § 346.922 and then directed the jury to find Rathke negligent if it determined that Rathke had violated the statute. Since the jury found Rathke not negligent, it follows that the jury determined that he did not violate the statute. However, the core issue in this case was not a factual dispute

as to whether the accident occurred in the destaging area of the parade. To the contrary, the parties agreed that the accident occurred in the destaging area and the evidence abundantly supports that agreement. Instead, the core issue was the legal question of whether the "parade" exception set forth in § 346.922(2)(b) applied to the destaging area of the parade. That issue presented a question of law. *See DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985) (issues of statutory construction are questions of law subject to de novo review). Therefore, this was a question that the trial court could have answered as a matter of law. We now address that issue.

¶ 24. When we interpret a statute, our goal is to ascertain and give effect to the intent of the legislature. *Williams v. City of Lake Geneva*, 2002 WI App 95, ¶ 7, 253 Wis. 2d 618, 643 N.W.2d 864. The first step in construing a statute is to look to the language of the statute itself and attempt to interpret it based on the plain meaning of its terms. *Gasper v. Parbs*, 2001 WI App 259, ¶ 8, 249 Wis. 2d 106, 637 N.W.2d 399. If the language of the statute is clear and unambiguous, we generally apply it to the facts at hand without further analysis. *Id*. However, the plain language of a statute should not be construed in a manner that leads to absurd or unreasonable results. *Id*. We presume that "the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute." *Id*. (citation omitted).

¶ 25. The Nunezes argue that the language of Wis. Stat. § 346.922(2)(b), excepting vehicles operating "in a parade," is unambiguous and permits for only one

interpretation: that the exception applies only if an injury occurs during the course of an actual parade route. We disagree.

¶ 26. The legislature undoubtedly understood that a well-organized parade requires a staging and destaging area. It is clear from the language of the exception that the legislature intended for children to be able to participate in parades without visiting the statute's otherwise strict liability on the operators of vehicles transporting children in such events. Bearing this statutory goal in mind, the Nunezes' proposed reading of the parade exception to include only the actual parade route is unreasonable because it would cause the exception itself to create a hazardous situation. Under the Nunezes' interpretation, if an operator wanted to avoid liability under the statute, the child would have to exit the cargo area while the parade was still in progress and before the parade entered into the destaging area. Given that the statute is clearly intended to protect children, such a narrow reading of the term "parade" would run contrary to its purpose. We therefore conclude that the only reasonable interpretation of the exception to WIS. STAT. § 346.922(1) is to include in the definition of "parade" both the staging and destaging areas. As such, Rathke would have been entitled to dismissal of this claim as a matter of law had he put that request to the trial court, and the matter should not have been submitted to the jury.

¶ 27. The fact that the matter was put to the jury proved to be of no consequence since the jury ultimately determined what the trial court could have earlier declared—that Rathke was not liable under the statute.

## CONCLUSION

¶ 28. We conclude that the destaging area of a parade falls under the exception to WIS. STAT. § 346.922. As such, Rathke was entitled to a judgment of dismissal as a matter of law under the facts of this case. Therefore, we affirm the judgment of dismissal even though it was premised upon the jury's verdict rather than on any trial court ruling construing the statute.

*By the Court.*—Judgment affirmed.