STATE of Wisconsin, Plaintiff-Respondent,

v.

Rick L. EDWARDS, Defendant-Appellant.†

Court of Appeals

*No. 03–0790–CR. Submitted on briefs August 14, 2003.—Decided September 24, 2003.*

2003 WI App 221

(Also reported in 671 N.W.2d 371.)

† Petition to review denied 2-24-04.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant public defender, and *Maraget A. Maroney*, assistant public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Lara M. Herman*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. Rick L. Edwards appeals from a trial court order denying his postconviction motion for confinement credit against his probation-related conditional jail time for days spent in the hospital.[1] The trial court denied Edwards' request for credit because the court had stayed the confinement time while Edwards was in the hospital. We hold that the court's decision to stay the confinement time was a proper exercise of discretion, and therefore Edwards

---

[1] We use the phrase "confinement credit" instead of "sentence credit" since confinement time imposed as a condition of probation is not a sentence. *See Prue v. State*, 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974).

could not have been charged with escape if he had left the hospital. We affirm the order denying Edwards' confinement credit request.

## FACTS

¶ 2. Following his guilty plea to felony bail jumping contrary to WIS. STAT. § 946.49(1)(b) (2001–02),[2] Edwards was placed on probation under an imposed and stayed sentence of five years followed by three years of extended supervision. As a condition of probation, Edwards was ordered to serve one year of conditional jail time with work release.

¶ 3. On November 14, 2002, while serving his jail time, Edwards was transported to the hospital due to a heart-related condition. The following day, the jail administrator sent a letter to the trial court requesting a stay of Edwards' jail time "until his medical condition is determined to be acceptable for incarceration." Without a hearing, the trial court granted the stay on November 18, 2002, by entering an amended judgment of conviction indicating that Edwards' "conditional jail time is stayed until he recovers from his medical condition." On November 26, 2002, Edwards returned to jail but was again returned to the hospital on November 27, 2002. Once again, the trial court stayed Edwards' confinement time.

¶ 4. This pattern of periodic hospitalization followed by Edwards' return to the jail continued. On February 21, 2003, while again hospitalized, Edwards filed a postconviction motion seeking confinement

_____

[2] All references to the Wisconsin Statutes are to the 2001–02 version.

credit for the time periods he had been in the hospital.[3] In his motion, Edwards contended that he was "in custody" while he was in the hospital and therefore he was entitled to the claimed credit.

¶ 5. At the hearing on the motion, Edwards testified that he was transported by ambulance each time he was taken to the hospital and, upon release, he was taken back to the Walworth county jail or Huber facility by a deputy sheriff. The jail administrator testified that the jail would "notify the hospital that when it was time for [Edwards] to be released from the hospital, that we would pick him up, so he had transportation back to the jail."

¶ 6. At the close of the hearing, the trial court denied Edwards' postconviction motion for confinement credit. The court found that because, as of November 18, 2002, Edwards' conditional jail time was stayed during the periods of hospitalization, Edwards was entitled to credit for only that period of hospitalization that occurred prior to the stay—November 14 through 18.

¶ 7. Edwards appeals.

### DISCUSSION

■

¶ 8. As a threshold matter, we reject Edwards' challenge to the trial court's order staying Edwards' conditional jail time because the order was issued ex parte and without notice. We hold that Edwards failed to raise this issue with sufficient prominence before the

---

[3] The transcript of the motion hearing held on March 5, 2003, reflects that Edwards was returned to the jail on February 26, 2003.

trial court. *Schwittay v. Sheboygan Falls Mut. Ins. Co.*, 2001 WI App 140, ¶ 16 n.3, 246 Wis. 2d 385, 630 N.W.2d 772 ("A party must raise an issue with sufficient prominence such that the trial court understands that it is called upon to make a ruling."). True, Edwards' motion stated as a matter of historical fact that the trial court had amended the judgment of conviction without a hearing. However, Edwards never argued this fact as a basis for the confinement credit he was seeking. Since Edwards failed to signal that this was a basis for his motion, the trial court understandably did not speak to this fact in its ruling.[4]

¶ 9. We therefore turn to the merits. Edwards first contends that the trial court did not have the authority to stay the conditional jail time condition during his medical treatment. This issue requires us to interpret a number of statutes, which presents a question of law that we review de novo. *See State ex rel. Hensley v. Endicott*, 2001 WI 105, ¶ 6, 245 Wis. 2d 607, 629 N.W.2d 686.

¶ 10. Like the trial court, the State cites to an opinion of the attorney general, 77 Op. Att'y Gen. 249 (1988), in support of its contention that Edwards is not entitled to confinement credit. While a decision of an attorney general is not binding, such decisions may be

---

[4] Even if we were to address the issue on the merits, we would reject Edwards' argument because he has failed to demonstrate any prejudice. Although the trial court entered the stay order ex parte, the court functionally revisited the question at the postconviction proceeding and confirmed its prior ruling.

persuasive as to the meaning and purposes of statutes. *State v. Longcore*, 2001 WI App 15, ¶ 9 n.5, 240 Wis. 2d 429, 623 N.W.2d 201.

¶ 11. In its opinion, 77 Op. Att'y Gen. at 253, the attorney general concluded, "[A] sentencing court that imposes county jail time as a condition of probation may suspend that jail time while the probationer receives hospital care." This opinion was based on WIS. STAT. § 973.09(4) which authorizes a trial court to fix the specific time that a probationer must spend in a county jail and § 973.09(3)(a) which provides a trial court with continuing jurisdiction to modify the conditions of probation for cause.

¶ 12. When interpreting WIS. STAT. § 973.09(4) and 973.09(3)(a), our goal is to ascertain and give effect to the intent of the legislature. *See Nunez ex rel. Poulos v. Am. Family Mut. Ins.*, 2003 WI App 35, ¶ 24, 260 Wis. 2d 377, 659 N.W.2d 171, *review denied,* 2003 WI 32, 260 Wis. 2d 753, 661 N.W.2d 101 (Wis. Apr. 22, 2003) (No. 02–1041). The first step in construing a statute is to look to the language of the statute itself and attempt to interpret it based on the plain meaning of its terms. *Id.* If the language of the statute is clear and unambiguous, we generally apply it to the facts at hand without further analysis. *Id.* However, the plain language of a statute should not be construed in a manner that leads to absurd or unreasonable results. *Id.* We presume that "the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute." *Id.* (citation omitted).

¶ 13. WISCONSIN STAT. § 973.09(4)(a) provides in relevant part, "[t]he court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court

prescribes, but not to exceed one year." Section 973.09(3)(a) provides, "[p]rior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof."

¶ 14. As did the attorney general, we conclude that the plain language of these statutes authorizes the trial court to extend probation or modify its terms and conditions. Whether to do so is left to the trial court's discretion. *Huggett v. State*, 83 Wis. 2d 790, 801, 266 N.W.2d 403 (1978). While the trial court may only modify the conditions of probation for "cause," *see State v. O'Connor*, 77 Wis. 2d 261, 295, 252 N.W.2d 671 (1977), the law places no limitation on what the trial court may consider as cause when making that determination, *see State v. Gerard*, 57 Wis. 2d 611, 625, 205 N.W.2d 374 (1973) (the "cause" contemplated by the statute includes impossibility, undue hardship and probably other causes).

¶ 15. We think it self-evident that when the trial court imposed the conditional jail time against Edwards, the court expected such confinement to be served in the county jail setting. Given that Edwards' later medical condition frustrated that expectation, we conclude that the trial court did not erroneously exercise its discretion when it chose to stay Edwards' confinement during his extended and repeated periods of hospitalization.[5]

---

[5] Similarly, the trial court could have chosen not to stay the period of confinement. The point is that the question is committed to the trial court's discretion.

¶ 16. Edwards argues that he is nonetheless entitled to confinement credit because another provision of Wis. Stat. § 973.09(4)(a) provides for the medical treatment of probationers serving confinement time in the county jail. Edwards relies on the following language of § 973.09(4)(a):

> The court *may* grant the privilege of leaving the county jail, Huber facility, work camp, or tribal jail during the hours or periods of employment *or other activity under s. 303.08(1)(a) to (e)* while confined under this subsection. The court may specify the necessary and reasonable hours or periods during which the probationer may leave the jail, Huber facility, work camp, or tribal jail or the court may delegate that authority to the sheriff. (Emphasis added.)

This statute incorporates Wis. Stat. § 303.08(1)(e), which states "[a]ny person sentenced to a county jail for crime, nonpayment of a fine or forfeiture, or contempt of court or subject to a confinement sanction under s. 302.113(8m) or 302.114(8m) *may be granted the privilege of leaving the jail during necessary and reasonable hours for . . . [m]edical treatment.*" (Emphasis added.)

¶ 17. We disagree with Edwards that these two statutes preclude a trial court's discretionary decision to stay a condition of probation for cause based on extended or repeated periods of hospitalization. These statutes do not mandate a trial court to allow a prisoner to leave the county jail for purposes of medical treatment.[6] Instead, these statutes state that the court "may" allow such leave. Thus, these statutes do not

---

[6] As we will demonstrate shortly, Wis. Stat. § 302.38(1) obligates the *sheriff, not the trial court,* to provide appropriate care or treatment to a prisoner, including transportation to a hospital or approved treatment facility. *See supra* note 3.

trump the trial court's discretion to modify a condition of probation. And, as we have already held, the trial court here properly exercised its discretion when staying Edwards' confinement during the periods of his hospitalization.

¶ 18. Moreover, it appears from the tenor of WIS. STAT. §§ 973.09(4)(a) and 303.08(1)(e) that these statutes are designed to address shorter term medical conditions that do not require extended or repeated hospitalization. We say this because § 973.09(4)(a) speaks of an absence from the county jail in terms of "hours or periods of employment or other activity under s. 303.08(1)(a) to (e)" and further authorizes the court to "specify the necessary and reasonable hours or periods during which the probationer may leave the jail." Similarly, § 303.08(1)(e) speaks of an absence from the jail "during necessary and reasonable hours for . . . [m]edical treatment." This as compared to WIS. STAT. § 302.38(1) which requires the sheriff to provide needed medical care, including hospital care, to a prisoner.[7]

---

[7] WISCONSIN STAT. § 302.38 provides:

(1) If a prisoner needs medical or hospital care or is intoxicated or incapacitated by alcohol the sheriff, superintendent or other keeper of the jail or house of correction shall provide appropriate care or treatment and may transfer the prisoner to a hospital or to an approved treatment facility under s. 51.45(2)(b) and (c), making provision for the security of the prisoner. The sheriff, superintendent or other keeper may provide appropriate care or treatment under this subsection for a prisoner under 18 years of age and may transfer a prisoner under 18 years of age under this subsection without obtaining the consent of the prisoner's parent, guardian or legal custodian. The sheriff, superintendent or other keeper may charge a prisoner for the costs of providing medical care to the prisoner while he or she is in the jail or house of correction. If the sheriff or other keeper maintains a personal money account for an inmate's use for payment for items from canteen, vending or

This latter *statute* seems to envision the extended and repeated kind of medical treatment presented by the facts of this case.

■

¶ 19. As we have just noted, WIS. STAT. § 302.38(1) obligates the sheriff to "provide appropriate care or treatment and may transfer the prisoner to a hospital or to an approved treatment facility . . . making provision for the security of the prisoner." As his final argument, Edwards contends that this statute mandates that he receive credit for his hospitalization periods. However, we have already determined that the trial court had properly stayed Edwards' conditional jail time pursuant to WIS. STAT. § 973.09(3)(a). As such, Edwards was no longer a "prisoner" as contemplated and required by § 302.38(1).

■

¶ 20. Lending support to our determination that Edwards was not a "prisoner" for purposes of WIS. STAT. § 302.38(1) is the escape statute, WIS. STAT. § 946.42. Section 946.42(1)(a) provides that a probationer is in "custody" if he or she is "in actual custody or is subject to a confinement order under s. 973.09(4)." "Actual custody includes custody of an institution, a secured correctional facility, a secure detention facility, a peace officer, or an institutional guard." *State v. Dentici*, 2002 WI App 77, ¶ 12, 251 Wis. 2d 436, 643 N.W.2d 180 (citation omitted).

¶ 21. The supreme court has held that "for sentence credit purposes an offender's status constitutes custody whenever the offender is subject to an escape charge for leaving that status." *State v. Magnuson*, 2000

similar services, the sheriff or other keeper may make deductions from the account to pay for the charges under this subsection.

WI 19, ¶ 25, 233 Wis. 2d 40, 606 N.W.2d 536.[8] Edwards was subject to a confinement order pursuant to WIS. STAT. § 973.09(4) and therefore was in custody when he first entered the hospital on November 14, 2002. However, when the trial court stayed Edwards' conditional jail time on November 18, he was no longer subject to the confinement order during the periods of his hospitalizations. As such, Edwards was not in custody and could not have been charged with "escape" if he had left the hospital and failed to return to the jail.[9]

## *CONCLUSION*

¶ 22. We hold that a trial court has the discretionary authority to stay a probationer's conditional jail time while he or she is hospitalized. We further hold that the trial court did not err in the exercise of its discretion by staying Edwards' confinement time during the periods of his hospitalization. Finally, we hold that when the trial court chooses to stay such confinement time, the probationer is not a prisoner and is not entitled to credit against such confinement time because the probationer could not be charged with escape. We therefore affirm the order denying Edwards' request for credit against his confinement time.

*By the Court.*—Order affirmed.

---

[8] We appreciate that *State v. Magnuson*, 2000 WI 19, 233 Wis. 2d 40, 606 N.W.2d 536, addressed sentence credit under WIS. STAT. § 973.155, whereas this case concerns confinement credit. *See supra* note 1. Nonetheless, we deem *Magnuson* informative on the issue of custody.

[9] Based on this reasoning, we also reject Edwards' reliance on *State v. Sevelin*, 204 Wis. 2d 127, 554 N.W.2d 521 (Ct. App. 1996).