SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶50 I agree with Justice Ann Walsh Bradley that fundamental principles of fairness support the equitable doctrine of credit for time erroneously spent at liberty.
¶51 I do not join Justice Bradley's dissent because, in my view, the defendant is entitled to sentence credit under the rule announced in State v. Magnuson, 2000 WI 19, 233 Wis. 2d 40, 606 N.W.2d 536.
¶52 In Magnuson, this court held that "an offender's status constitutes custody for sentence credit purposes when the offender is subject to an escape charge for leaving that status."[1] The Magnuson court looked to Wisconsin's escape statute, Wis. Stat. § 946.42(1)(a)1., to determine whether the defendant was in "custody" as defined therein.
*665 ¶53 The escape statute provides that " '[c]ustody' includes without limitation all of the following: ... h. Custody of a person subject to a confinement order under s. 973.09(4)."[2]
¶54 Wisconsin Stat. § 973.09(4) allows a court to require as a condition of probation that the probationer be confined for a period not to exceed one year.
¶55 In the instant case, the defendant was incarcerated in the Oshkosh Correctional Institution as a result of a conviction that is not relevant to resolving the sentence credit issue presented here. In a separate criminal case, the defendant pleaded guilty to bail jumping, and the circuit court ordered that the *666 defendant be confined in the Jefferson County jail for eight months as a condition of his probation. This order constitutes a confinement order under Wis. Stat. § 973.09(4). *865 ¶56 After completing his prison sentence in Oshkosh, the defendant was supposed to be transferred to the county jail to serve his confinement as a condition of his probation, but instead, he was mistakenly released through no fault of his own.
¶57 In my view, the defendant was still "subject to a confinement order under s. 973.09(4)" upon his mistaken release.[3]
¶58 In the instant case, the defendant was not aware that he was mistakenly released. While mistakenly released, the defendant met with his probation agent as he was required to do. The probation agent did not tell the defendant that he needed to report to jail. However, approximately six weeks after the defendant's mistaken release, the Jefferson County Sheriff's Office discovered that the defendant was mistakenly released from prison. A sergeant from the sheriff's office contacted the defendant's probation agent. The probation agent contacted the defendant, and the defendant promptly cooperated with law enforcement officials in sorting out how to proceed.
*667 ¶59 The defendant posits that if he had "left the state or failed to respond to inquiries from his probation agent or law enforcement concerning his court-ordered confinement, he [ ] could have been charged with escape."
¶60 I agree. Under the defendant's hypothetical scenario, fleeing the state or failing to respond to inquiries from law enforcement concerning his Wis. Stat. § 973.09(4) confinement order would be persuasive evidence that the defendant intended to avoid complying with the confinement order, and he could be charged with escape.
¶61 Because I conclude that the defendant's status during the time period at issue constituted "custody" for sentence credit purposes, I further conclude that the defendant is entitled to sentence credit under the Magnuson rule.
¶62 Accordingly, I dissent.

The Ninth Circuit has further explained:
The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to courts of justice, let alone their ministerial officers. Citation of authority is hardly needed to establish so elementary a proposition.
Smith v. Swope, 91 F.2d 260, 262 (9th Cir. 1937) (citations omitted).

See Espinoza v. Sabol, 558 F.3d 83, 90 (1st Cir. 2009) ; Kiendra v. Hadden, 763 F.2d 69, 72-73 (2d Cir. 1985) ; Vega v. United States, 493 F.3d 310, 318 (3d Cir. 2007) ; Free v. Miles, 333 F.3d 550, 554 (5th Cir. 2003) ; United States v. Croft, 450 F.2d 1094, 1097 (6th Cir. 1971) ; Dunne v. Keohane, 14 F.3d 335, 336-37 (7th Cir. 1994) ; Green v. Christiansen, 732 F.2d 1397, 1400 (9th Cir. 1984) ; White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930) ; McCall v. State, 594 So.2d 733, 734 (Ala. Crim. App. 1992) ; McKellar v. Arizona State Dep't of Corr., 115 Ariz. 591, 566 P.2d 1337, 1339-40 (1977) ; People v. Stark, 902 P.2d 928, 930 (Colo. App. 1995) ; Drumwright v. State, 572 So.2d 1029, 1031 (Fla. Dist. Ct. App. 1991) ; Derrer v. Anthony, 265 Ga. 892, 463 S.E.2d 690, 693 (1995) ; State v. Kline, 475 So.2d 1093, 1093 (La. 1985) (per curiam); State v. Williams, 81 N.J. 498, 410 A.2d 251, 252 (1980) ; People ex rel. Bilotti v. Warden, New York City Corr. Inst. forMen, 42 A.D.2d 115, 345 N.Y.S.2d 584, 585 (N.Y. App. Div. 1973) (per curiam); Jacobs v. Robinson, 49 Pa.Cmwlth. 194, 410 A.2d 959, 960 (1980) ; Curry v. State, 720 S.W.2d 261, 263-64 (Tex. Ct. App. 1986) ; In re Roach, 150 Wash.2d 29, 74 P.3d 134, 137 (2003) ; see also Gabriel J. Chin, Getting Out of Jail Free: Sentence Credit for Periods of Mistaken Liberty, 45 Cath. U. L. Rev. 403, 406-10 (1996) ; Andrew T. Winkler, Implicit in the Concept of Erroneous Liberty: The Need to Ensure Proper Sentence Credit in the Fourth Circuit, 35 N.C. Cent. L. Rev. 1, 11-20 (2012).

See State v. Edwards, 2003 WI App 221, ¶¶20-21, 267 Wis. 2d 491, 671 N.W.2d 371 (explaining that a probationer serving jail time as a condition of his probation who was periodically transferred to a hospital for a medical condition was still in "custody" while at the hospital because he "was subject to a confinement order pursuant to Wis. Stat. § 973.09(4)," but when the circuit court stayed its order for conditional jail time, the probationer was no longer in "custody" because "he was no longer subject to the confinement order during the periods of his hospitalizations").